BOARD OF LICENSE COMMISSIONERS OF THE
TOWN OF TIVERTON *v.* PASTORE, LIQUOR
CONTROL ADMINISTRATOR OF RHODE
ISLAND, ET AL.

No. 83–963.   Argued November 27, 1984—Decided January 8, 1985

*Kathleen Managhan* argued the cause for petitioner.
With her on the brief was *Patrick O'N. Hayes, Jr.*

*John H. Hines, Jr.*, argued the cause and filed a brief for
respondents.

PER CURIAM.

We granted certiorari in this case, 468 U. S. 1216 (1984),
to decide whether the Fourth Amendment exclusionary rule
applies in civil liquor license revocation hearings.   Some
state courts have held that the exclusionary rule applies.
See *New York State Liquor Authority* v. *Finn's Liquor Shop
Inc.*, 24 N. Y. 2d 647, 249 N. E. 2d 440, cert. denied, 396
U. S. 840 (1969); *Pennsylvania Liquor Control Board* v.
*Leonardziak*, 210 Pa. Super. 511, 233 A. 2d 606 (1967) (ex-
clusionary rule applies in Liquor Control Board proceeding
in which Board imposed fine, but could also have revoked
license).   Illinois, on the other hand, admits evidence
obtained during a search pursuant to an invalid warrant on

the reasoning that the State can and does require consent to a warrantless search as a prerequisite to the issuance of a liquor license.  *Daley* v. *Berzanskis*, 47 Ill. 2d 395, 269 N. E. 2d 716 (1971).

In proceedings below, the Tiverton Board of License Commissioners had considered evidence obtained during a search of the Attic Lounge, a local liquor-serving establishment, in deciding to revoke its license.  A Rhode Island judge in related criminal proceedings subsequently ruled that the evidence had been obtained in violation of the Fourth Amendment.  *Rhode Island* v. *Benoit*, No. N2/77–51 (Super. Ct. Newport Cty., R. I., Jan. 16, 1978).  The Attic Lounge then argued that evidence obtained in violation of the Fourth Amendment could not be admitted in a civil hearing to revoke its liquor license.  The Rhode Island Liquor Control Administrator reversed the decision of the Tiverton Commissioners on unrelated grounds, and directed that the license be reinstated.  After losing an appeal to the State Superior Court, Civ. Action No. 78–2659 (Super. Ct., Providence Cty., R. I., Aug. 6, 1980), the Tiverton Commissioners obtained review in the Rhode Island Supreme Court through a petition for certiorari naming both the Attic Lounge and the Liquor Control Administrator as respondents.  The Rhode Island Supreme Court held that the exclusionary rule applies to liquor license revocation hearings.  463 A. 2d 161 (1983).

After this Court issued a writ of certiorari to the Rhode Island Supreme Court, considered briefs on the merits, and commenced oral argument, we learned that the Attic Lounge has gone out of business.  Counsel for both the Tiverton Board of License Commissioners and the respondent Liquor Control Administrator stated at oral argument that no decision on the merits by this Court can now have an effect on the Attic Lounge's liquor license.  Tr. of Oral Arg. 28, 31.  The case is therefore moot.  At oral argument counsel discussed some circumstances under which a decision on the merits

by this Court might conceivably affect substantive rights of interested parties. But as the Court noted in *DeFunis* v. *Odegaard*, 416 U. S. 312, 320, n. 5 (1974):

> "'[S]uch speculative contingencies afford no basis for our passing on the substantive issues [the petitioner] would have us decide,' *Hall* v. *Beals*, 396 U. S. 45, 49 (1969), in the absence of 'evidence that this is a prospect of immediacy and reality.' *Golden* v. *Zwickler*, 394 U. S. 103, 109 (1969); *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U. S. 270, 273 (1941)."

It is appropriate to remind counsel that they have a "continuing duty to inform the Court of any development which may conceivably affect the outcome" of the litigation. *Fusari* v. *Steinberg*, 419 U. S. 379, 391 (1975) (BURGER, C. J., concurring). When a development after this Court grants certiorari or notes probable jurisdiction could have the effect of depriving the Court of jurisdiction due to the absence of a continuing case or controversy, that development should be called to the attention of the Court *without delay*. See this Court's Rules 34.1(g) (petitioner's statement of the case shall contain all that is material to the issues); 34.2 (respondent's brief may correct any omission from petitioner's statement); and 35.5 (parties may file supplemental briefs after briefs on the merits to point out intervening matters not contained in the merits briefs).

The writ of certiorari is dismissed as moot.

*It is so ordered.*