762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GLEN L. ROBERTS, PLAINTIFF-APPELLANT,
v.
UNIVERSITY OF MICHIGAN, MR. SHANNON, MR. SUTTON AND MR.
COEN, DEFENDANTS-APPELLEES.
 NO. 84-1063
 United States Court of Appeals, Sixth Circuit.
 3/6/85
 
 ORDER
 BEFORE: WELLFORD and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se Michigan resident appeals from the district court's order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Section 1983. Plaintiff alleges that his civil rights were violated when he was denied unrestricted access to the University of Michigan Law School Library. He further alleges that his rights were violated when he was interrogated by university officials and told that he could not enter any of the university buildings. Plaintiff seeks $16,000 in damages as well as injunctive and declaratory relief.
 
 
 3
 The defendants moved to dismiss for failure to state a claim upon which relief can be granted. On December 21, 1983, a hearing was held on the motion to dismiss. At the hearing, defendants indicated that plaintiff would have access to the University of Michigan Law Library upon the condition that he filled out the research pass as required by the library policy. The defendants further indicated that plaintiff could use all university property for proper purposes. The district court then ruled from the bench that since defendants stated that plaintiff would be allowed to use the library and other university facilities that the complaint was dismissed on the condition that if there were further problems within 60 days, the case would be reopened. The district court went on to state that the case would be finally dismissed after the 60 day period. On December 30, 1983, an order was entered dismissing the case without reference to the aforementioned condition. This appeal ensued. Defendants have filed a motion to dismiss in this Court.
 
 
 4
 Upon consideration, this Court concludes that this case is moot. Even if the order was conditional, it only would have been conditional until March of 1984. Consequently, since the 60 day period has elapsed, regardless of the action taken by this Court, the parties rights will not be affected. Board of License Commissioners of the Town of Tiverton v. Pastore, 53 U.S.L.W. 4057 (U.S. Sup. Ct. Jan. 8, 1985); Defunis v. Odeguard, 416 U.S. 312, 316 (1974). Thus, this case is moot.
 
 
 5
 Accordingly, it is ORDERED that the appeal be, and is hereby, dismissed pursuant to Rule 9(d), Rules of the Sixth Circuit.