Samuel CONTI; Picadilly Circus, Inc.,
Plaintiffs–Appellants,

v.

The CITY OF FREMONT; Gus Morrison, John Pomidor, Kent McClain, William Armon and Phil Lammi, Defendants–Appellees.

No. 88–15781.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1990.

Decided Nov. 28, 1990.

**1386**

Charles D. Chalmers, Skjervan, Morrill, MacPherson, Franklin & Friel, San Francisco, Cal., for plaintiffs-appellants.

Charles J. Williams, Williams & Robbins, Martinez, Cal., for defendants-appellees.

Before TANG and BEEZER, Circuit Judges, and STEPHENS,* District Judge.

TANG, Circuit Judge:

The City of Fremont, California refused Samuel Conti's request to amend a zoning conditional use permit which prohibited service of people eighteen to twenty years old at a Fremont business location. Because of this refusal, Samuel Conti and his company Picadilly Circus, Inc. (together referred to as "Conti") brought a 42 U.S.C. § 1983 claim against the City of Fremont, several City employees, and City Council and Planning Commission members (together referred to as the "City") for depri-

vation of Conti's first, fifth, and fourteenth amendment rights. The district court granted summary judgment for the City. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

From 1979 through 1986, Conti owned and operated an entertainment and restaurant business known as "Stargaze" in the City's "Fashion Center" shopping center. Stargaze catered to a young clientele, offering recorded music, roller skating, disco dancing, arcade games, and the sale of records and concert tickets. Stargaze also presented movies, videos, and live entertainment. Racial minorities comprised the bulk of Stargaze clientele.

Under California law, no one under age twenty-one may purchase or consume alcohol, but people under age twenty-one may be present in a business that serves alcohol if that business is a "bona fide eating place." *See* Cal.Bus. & Prof.Code §§ 23038, 23039(a)(2), 25665. Conti and Stargaze held a beer and wine license and a "bona fide eating place" license for the Fashion Center premises. These licenses allowed the presence of patrons under the age of twenty-one in Stargaze. Moreover, the City's zoning of the Fashion Center area permitted entertainment businesses such as Stargaze as a matter of right.

In 1986, Conti terminated the lease at the Fashion Center location and relocated Stargaze to much larger premises on the City's Peralta Boulevard. Unlike the Fashion Center area, the Peralta area was zoned to permit entertainment businesses like Stargaze only upon issuance of conditional use permits. Stargaze's predecessor at the Peralta premises, a country-western nightclub, had obtained a conditional use permit in 1983. This conditional use permit ran with the land, and Conti and his business thus became successors in interest to the conditional use permit upon Conti's lease of the Peralta premises. That use permit con-

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District

of California, sitting by designation.

tained a clause prohibiting the entrance on the permises of persons under the age of twenty-one.

On October 14, 1986, Conti applied to the City for an amendment to the permit to remove the age restriction and also to expand the permissible hours of operation. Conti contends that City officials had assured him before he leased the Peralta premises that the City would grant the amendment. Indeed, initially the City's Planning Commission did recommend approval of the proposed amendment. The City scheduled a Planning Commission hearing on the amendment for November 13, 1986.

For four nights prior to the hearing, Conti opened Stargaze to the public at the Peralta location and did not enforce the age or hours restrictions required by the conditional use permit. Again most Stargaze patrons were members of racial minorities. On those four nights, City police reported traffic and crowd control problems in the area, as well as an increase of crime such as vandalism in the area. The City Manager directed the Planning Commission to reverse its recommended approval of amendment of the Peralta location conditional use permit. The Planning Commission thereafter denied Conti's application for the amendment.

Conti appealed the denial of his application for an amendment to the City Council. The City Council held a hearing on Conti's application on January 27, 1987, and received testimony from Conti, City police, and business residents of the Peralta area. The City Council approved expansion of Stargaze business hours, but denied Conti an amendment to remove the age restriction for people permitted on the premises.

On March 11, 1987, Conti filed a 42 U.S.C. § 1983 civil rights action against the City. He filed a First Amended Complaint on August 25, 1987. In his complaint, Conti sought compensatory relief and an injunction against enforcement of the age restriction in the conditional use permit. The City filed a motion for summary judgment, and Conti filed a counter motion for partial summary judgment in October 1988.

Meanwhile, Stargaze went out of business. On November 10, 1988, the district court granted and entered summary judgment for the City, holding that the conditional use permit did not impermissibly infringe Conti's first, fifth, and fourteenth amendment rights. Conti timely appeals denial of compensatory relief, but does not appeal the denial of injunctive relief.

## STANDARD OF REVIEW

Two of Conti's claims of constitutional infringement raise the preliminary issue of his standing to assert the rights of former Stargaze patrons. We review standing, an issue of law, de novo. *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir.1985). The district court determined Conti's personal assertion of constitutional rights on summary judgment. We review a grant of summary judgment de novo also. *Kruso v. International Tel. & Tel.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). In our review, we determine whether the evidence, when viewed in a light most favorable to the nonmoving party, raises any genuine issues of material fact. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir. 1989). We also decide whether the district court correctly applied substantive law. *Id.* at 1340.

## DISCUSSION

I. Conti's Standing to Assert Infringement of First and Fourteenth Amendment Rights

Conti argues that the age restrictions in the conditional use permit disparately impact racial minorities, the majority of former Stargaze patrons, in violation of fourteenth amendment equal protection guarantees. He further argues that the restrictions impermissibly infringe former Stargaze patrons' fundamental first amendment rights of expression and association. The district court held that Conti lacked standing to assert infringement of former Stargaze patrons' constitutional

rights because Stargaze had closed. We agree with the district court.

■ The district court noted that, because Stargaze had closed, Conti could pursue only § 1983 compensatory damages and not injunctive relief. Conti does not appeal the district court's dismissal of his prayer for injunctive relief. The district court reasoned, then, that an award of § 1983 compensatory damages to Conti could not redress any injury suffered by former Stargaze patrons. Conti thus has no standing, as the district court correctly reasoned, to assert former Stargaze patrons' rights in his § 1983 claim.

Conti argues that because *his* § 1983 action survived the closure of Stargaze, so did his standing to represent the constitutional interests of Stargaze patrons. Conti's authority for this proposition, *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988), fails him, however. In *American Booksellers*, the Supreme Court held that then-operating booksellers could assert the first amendment rights of their patrons against threatened enforcement of a statute infringing those rights. *Id.* at 392–93, 108 S.Ct. at 642–43. Striking the challenged statute in that case would immediately free the booksellers' patrons to exercise their first amendment rights. *See id.*

■ Similarly, Conti's standing to assert former Stargaze patrons' rights depends on his showing that those patrons are "likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). In Conti's case, however, striking the conditional use permit's age restrictions and awarding Conti damages could not, as the district court recognized, redress former Stargaze patrons. Therefore, even if Conti is correct that the age restrictions infringed Stargaze patrons' fundamental first and fourteenth amendment rights, he has no standing to assert claims based on those violations. *See Board of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 239–40, 105 S.Ct. 685, 686–87, 83 L.Ed.2d 618 (1985) (closure of restaurant prevents court from reaching merits poten-

tially affecting substantive rights of interested nonparties because issue is moot).

## II. Infringment of Conti's Own First Amendment Rights

### A. *Scope of the Asserted Right*

■ The viability of Conti's § 1983 claim thus depends wholly on the claimed infringement of his own rights. We note that Conti has not claimed that the restrictions in the conditional use permit inhibited Conti's own first amendment right of expression. Instead, Conti asserts that the City's refusal to remove the permit's restrictions impermissibly infringed his right to associate with members of a particular age group, those eighteen to twenty years old. We disagree.

In a challenge to a Dallas, Texas ordinance permitting restriction of dance hall patronage to those fourteen to eighteen years old, the Supreme Court circumscribed the scope of associational liberties protected by the first amendment. *See City of Dallas v. Stanglin*, 490 U.S. 19, 24–25, 109 S.Ct. 1591, 1595, 104 L.Ed.2d 18 (1989); *Benigni v. City of Hemet*, 879 F.2d 473, 477 (9th Cir.1989) (*Stanglin* places validity of certain first amendment associational claims into serious doubt). In *Stanglin* the Court recognized protection of "intimate" or "expressive" associations, but held that the Constitution protects no "generalized right of 'social association' that includes chance encounters in dance halls." *Stanglin* at 25, 109 S.Ct. at 1595. We conclude that Conti's desire to open the doors of his business to those eighteen to twenty years old entails no more of a right of association than the "social association" denied constitutional protection in *Stanglin*.

Under the *Stanglin* analysis, an activity receives no special first amendment protection if it "qualifies neither as a form of 'intimate association' nor as a form of 'expressive association,' as those terms were described in *Roberts*." *Id.* (citing *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18, 104 S.Ct. 3244, 3249–50, 82 L.Ed.2d 462 (1984)). In *Roberts*, the Supreme

Court recognized constitutional associational interests in "choices to enter into and maintain certain intimate human relationships" and in associations engaged in "speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts*, 468 U.S. at 617–18, 104 S.Ct. at 3248–49. On the face of it, Conti's asserted right to do business with and thereby associate with those eighteen to twenty years old implicates neither the protected right of intimate association nor the right of expressive association described in *Roberts*.

We note that expressive activities such as Conti's showing videos at Stargaze may well enjoy first amendment protection. Conti's right to conduct those activities is not at issue in this case, however. Conti's case raises only his right to associate with people of a certain age group in his marketing of those expressive activities, while he remained free to associate with and market those activities to all others. Unlike the plaintiffs in *Stanglin*, moreover, Conti cannot even assert the associational right of the establishment's patrons. His case therefore presents an even weaker first amendment associational claim than the one the Supreme Court rejected in *Stanglin*.

Because Conti has no standing to assert the rights of former Stargaze patrons, as we have held, he has no claim under fourteenth amendment protections. Because Conti's own associational right lacks constitutional stature under the *Stanglin* analysis, he has no claim under first amendment protections. Thus, as in *Stanglin*, the City's refusal to remove the age restrictions in Conti's conditional use permit "implicates no suspect class and impinges on no constitutionally protected right." *Stanglin* at 25, 109 S.Ct. at 1595. We therefore examine only whether the City's refusal to amend Conti's permit "survives 'rational basis' scrutiny under the Equal Protection Clause." *Id.*

B. *Rational Basis for the Refusal to Amend the Conditional Use Permit*

As the basis for its refusal to amend the conditional use permit, the City cited police reports of increased traffic problems and crime in the Peralta area when Conti operated Stargaze without abiding the restrictions in the permit. Conti contends that those police reports of increased traffic problems and crime could not as a matter of fact have provided the City Council with justification for maintaining the age restriction in the permit. Police reports of traffic problems failed to establish that eighteen to twenty year old Stargaze patrons caused them. Moreover, the crime reports either failed to specify the ages of the perpetrators or identified perpetrators not in the restricted age group. Because the City failed to show that the restricted age group caused the problems ostensibly justifying the age restriction, Conti argues, the restriction is not sufficiently related to its purported purpose.

Conti's contentions might be well-taken were former Stargaze patrons' or other fundamental rights at issue and the City's decisions commanded greater scrutiny. *See, e.g., Tollis, Inc. v. San Bernadino County*, 827 F.2d 1329, 1332 (9th Cir.1987) (challenge to zoning regulation restricting first amendment expression right requires three-step analysis). Because the age restriction infringes no fundamental right, however, we examine the City's refusal to remove the age restriction in the conditional use permit only for a rational basis. As the Supreme Court observed in *Stanglin*, "rational-basis scrutiny ... is the most relaxed and tolerant judicial scrutiny under the Equal Protection Clause." *Id.* at 26, 109 S.Ct. at 1596.

We conclude that the City's refusal to remove the age restriction in the conditional use permit was neither irrational nor "'wholly arbitrary.'" *Id.* (quoting *City of New Orleans v. Dukes*, 427 U.S. 297, 303–04, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511 (1976)). When Conti assumed the Peralta leasehold, it was subject to the age restriction of the conditional use permit, as he knew. Conti then operated Stargaze for four nights without regard to the restrictions. During those same nights, the Peralta area experienced increased traffic and

crime problems. Given these undisputed facts, the City's decision thereafter to deny Conti a variance from the age restrictions was at least logical and not irrational. *See id.* The City's decision thus passes constitutional muster under rational basis scrutiny.

### III. Conti's Fifth Amendment Rights

 Conti alleges that the age restrictions in the Peralta conditional use permit effect an uncompensated taking of his property in violation of the fifth amendment. *See Nollan v. California Coastal Comm'n*, 483 U.S. 825, 834, 107 S.Ct. 3141, 3147, 97 L.Ed.2d 677 (1987). The district court held that the age restrictions did not implicate Conti's fifth amendment rights because they did not effect a taking and because legitimate government interests justified the restrictions. Indeed, as the Supreme Court recently reiterated, "land use regulation does not effect a taking if it 'substantially advance[s] legitimate state interests' and does not 'den[y] an owner economically viable use of his land....'" *Id.* (quoting *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980).

We need not determine whether the age restrictions in Conti's conditional use permit substantially advance City interests or how close the nexus must be between the restrictions and the interests. *See id.* Conti failed to produce any evidence in district court that the age restrictions denied him an economically viable use of his Peralta leasehold. Conti argues to this court that the closure of Stargaze evidences deprivation of a once profitable use, and so he believes he has raised a factual issue. The closure of Stargaze does not raise a genuine issue of fact precluding summary judgment, however. The age restriction did not deprive Conti of all economically viable uses of his Peralta leasehold; or, if it did, Conti failed to produce evidence of such total deprivation. Conti therefore failed to carry his evidentiary burden in opposing summary judgment on this issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (quoting Fed.R. Civ.Pro. 56(e)) ("where a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial'").

## CONCLUSION

Conti has no standing to assert the constitutional claims of former Stargaze patrons. If the City's refusal to remove age restrictions in the conditional use permit infringed Conti's own first amendment associational rights, the restrictions pass constitutional muster nonetheless. Finally, Conti has failed to raise a fact issue precluding summary judgment on his claim of a fifth amendment taking. The judgment of the district court is therefore

AFFIRMED.