RESTORE v. U.S. Dep't Interior        CV-95-37-JD    08/04/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


RESTORE:  The North Woods, et al.

     v.                                    Civil No. 95-37-JD

United States Department of
Interior, et al.


O R D E R


     The plaintiffs, RESTORE: The North Woods, Jeffrey W. Elliot, Charles Fitzgerald, and Biodiversity Legal Foundation, bring this action against the defendants, Bruce Babbitt, in his capacity as Secretary of the United States Department of the Interior ("DOI"); Mollie Beattie, in her capacity as Director of the Fish and Wildlife Service ("FWS"); Ron Brown, in his capacity as Secretary of the United States Department of Commerce ("DOC"); and Rolland Smitten in his capacity as Assistant Administrator for Fisheries of the National Marine Fisheries Service ("NMFS")(collectively "the Services") pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq., and the Administrative Procedure Act ("APA"), seeking declaratory and injunctive relief, court costs, and attorney fees for an alleged violation of a statutory deadline governing non-discretionary administrative findings under the ESA.  The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 16 U.S.C. §

1540(c).  Before the court are (1) the plaintiffs' motion for summary judgment (document no. 3); (2) the plaintiffs' motion to amend (document no. 4); and (3) the Services' motion to dismiss (document no. 7).

Background

I.  The Endangered Species Act

In 1973, Congress enacted the Endangered Species Act "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species . . . ."  16 U.S.C. § 1531(b).  A "'species' includes any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature."  16 U.S.C. § 1532(16).

Responsibility for identifying threatened and endangered species is shared by the Secretary of the Interior, who is responsible for terrestrial species, and the Secretary of Commerce, who is responsible for marine species.  16 U.S.C. § 1533(a)(1, 2).  When a species is found to be endangered or threatened, the Secretary of the Interior must list it in the Federal Register, and it is entitled to protection under the ESA. 16 U.S.C. § 1533(c, d).

2

Interested parties may petition the Secretary to add or remove a species from the threatened or endangered lists. 5 U.S.C. § 553(e). The Secretary has ninety days after receipt of a petition to determine whether it presents sufficient information to justify an investigation into whether the species is entitled to protection. 16 U.S.C. § 1533(b)(3)(A). Thereafter,

> [w]ithin 12 months after receiving a petition that is found . . . to present substantial information indicating that the petitioned action may be warranted, the Secretary shall make one of the following findings:
> (i) The petitioned action is not warranted . . .;
> (ii) The petitioned action is warranted . . .;
> (iii) The petitioned action is warranted, but . . . is precluded by pending proposals.

16 U.S.C. § 1533(b)(3)(B).

An interested party may bring a civil lawsuit against the Secretary for failure to make such a finding within the twelve month period. 16 U.S.C. § 1540(g)(1)(C). However, the lawsuit may not be commenced "prior to sixty days after written notice of the violation has been given to the Secretary . . . ." 16 U.S.C. § 1540(g)(2)(A)(i).

II. Factual Background

On October 1, 1993, the plaintiffs petitioned the Services under the ESA to add the Atlantic salmon to the list of protected species. See Complaint at ¶ 26. On January 20, 1994, the Services announced that the petition presented sufficient

3

information to be considered and declared they would determine whether the action requested by the plaintiffs was warranted. See 59 Fed. Reg. 3067 (Jan. 20, 1994). The plaintiffs filed a sixty-day notice of a violation on November 14, 1994, and commenced this lawsuit on January 20, 1995, alleging that the Services violated the twelve month deadline.

On February 27, 1995, the plaintiffs filed a motion for summary judgment on the ground that the Services had violated the ESA and APA as a matter of law and requested court costs and attorney fees. Plaintiffs' Motion for Summary Judgment at 1-2. On March 2, 1995, the plaintiffs filed a "Motion to Amend Proposed Order" seeking a court order "directing that any Finding or Ruling made by FWS and NMFS be made retroactive to October 1, 1994." See Plaintiffs' Motion to Amend Proposed Order at ¶ 3(a).

On March 17, 1995, the Services published a finding of "not warranted" on the petition, stating that the Atlantic salmon as described in the petition did not qualify as a "species" under the ESA. See 60 Fed. Reg. 14410 (Mar. 17, 1995). However, in the same publication, the Services concluded that there was sufficient evidence to list a distinct population segment (DPS) of the Atlantic salmon as deserving of protection under the ESA in certain areas. Id. at 14412.

4

On March 27, 1995, the Services filed their motion to dismiss, on the grounds that the plaintiffs' lawsuit became moot when the "not warranted" finding was issued. Defendants' Motion to Dismiss at 1-2.

Discussion

## I. Defendants' Motion to Dismiss

The Services contend that the plaintiffs' claim is moot because the alleged violation of the statutory scheme has passed and will not recur. Defendants' Memorandum of Law in Support of Motion to Dismiss at 6. The plaintiffs respond that the alleged violation is of an ongoing nature because the Services' finding was partial and, in the alternative, that their claim falls under an exception to the mootness doctrine. Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 2, 5.

Article III of the Constitution limits the court's jurisdiction to the resolution of actual cases or controversies. U.S. Const. art. III, Sec. 2, cl. 1; Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993). The court lacks the authority "to issue advisory opinions . . . [or] to decide questions that cannot affect the rights of litigants in the case before [it]." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (citations omitted). Although an action may present a live

5

controversy at the time of filing, subsequent events may render the action moot.  See, e.g., Kremens v. Bartley, 431 U.S. 119, 129 (1977) (constitutional challenge to statute rendered moot by enactment of superseding statute); Board of License Comm'rs v. Pastore, 469 U.S. 238, 239 (1985) (per curiam) (lawsuit challenging restrictions placed on business rendered moot by closure of business).  When no case or controversy exists, a claim is moot because its resolution would not affect the parties' legal interests.  Air Line Pilots Ass'n v. UAL Corp., 897 F.2d 1394, 1396 (7th Cir. 1990); see Oakville Dev. Corp., 986 F.2d at 613; New Bank of New England, N.A. v. Tritek Communications, Inc., 143 F.R.D. 13, 17 n.1 (D. Mass. 1992).  The court must dismiss moot claims.  Oakville Dev. Corp., 986 F.2d at 613.

An exception to the mootness doctrine attaches where the conduct being challenged is "capable of repetition, yet evading review."  Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam).  In order to invoke the exception, the plaintiff "must show that '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" Boston Teachers Union, Local 66 v. Edgar, 787 F.2d 12, 17 (1st

6

Cir. 1986) (quoting <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982) (per curiam)).  <u>See</u>, <u>e.g.</u>, <u>Nebraska Press Ass'n v. Stuart</u>, 427 U.S. 539, 546-47 (1976) (short-lived restrictive orders on press coverage of criminal trials capable of repetition, but evading review); <u>Roe v. Wade</u>, 410 U.S. 113, 125 (1973) (length of gestation period sufficiently short so as to preclude appellate review of claims concerning a woman's right to terminate pregnancy).  Finally, contentions that other parties could be subject to future violations are insufficient to trigger the exception.  <u>Oakville Dev. Corp.</u>, 986 F.2d at 615 ("the possibility -- or even the probability -- that others may be called upon to litigate similar claims does not save a particular plaintiff's case from mootness").

The Services concede that, at the time the lawsuit was filed, they were in violation of the ESA because they had not announced a finding on the Atlantic salmon petition within the statutory time frame.  This violation continued until March 17, 1995, the date the Services finally acted on the petition.  Having satisfied their statutory obligations, the Services are at present in compliance with the ESA.  Accordingly, the claim under 16 U.S.C. § 1540(g)(1)(C) no longer presents a live controversy.[1]

---

[1]The plaintiffs contend that their lawsuit is not moot because the Services only granted part of the relief requested in the petition.  However, the statute grants the Services the

7

However, the plaintiffs assert that their claim survives the instant motion because the Services' violation of the ESA is capable of repetition yet evades review. According to the plaintiffs, the Services "will continue to abuse their discretion" by "interpreting petitions in a manner inconsistent with the purposes of the Act . . . ." Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 5.

Although the plaintiffs have asserted that they will continue to be harmed by future violations of the twelve month requirement of § 1533(b)(3)(B), they have advanced no evidence to support this bald contention in either their opposition to the motion to dismiss or their motion for summary judgment. The plaintiffs, unable to substantiate a reasonable expectation that they will be subjected to the same or a similar violation in the future, are not entitled to invoke the capable of repetition but evading review exception. Because there is no viable theory

_____

ability to include "any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature . . . ." as a species for purposes of protection under the ESA. 16 U.S.C. § 1532(16). Thus, the Services were authorized to extend protection to some categories of Atlantic salmon but not others. See, e.g. 59 Fed. Reg. 63,975 (Dec. 12, 1994) (listing of pygmy owl warranted in Arizona and Texas, not warranted in Mexico).

under which the plaintiffs may recover, the Services' motion to dismiss is granted.[2]

## II.  Court Costs and Attorney Fees

The plaintiffs assert that they are entitled to reasonable court costs and attorney fees under 16 U.S.C. § 1540(g)(4) because their lawsuit has advanced the purposes and goals of the ESA.  Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 6-7.  The Services respond that such an award is inappropriate in this case because the plaintiffs are not prevailing parties and have not assisted in any novel interpretation or exceptional implementation of the Act. Defendants' Reply to Petitioners Opposition to Defendants' Motion to Dismiss at 7.[3]

---

[2]In their "Motion to Amend Proposed Order" (document no. 4), the plaintiffs seek alternative relief in the form of a court order "directing that any Finding or Ruling made by FWS and NMFS be made retroactive to October 1, 1994."  Given the finding, supra, that the only claim alleged in the plaintiffs' complaint is moot, there is no longer a basis upon which a request for relief, retroactive or otherwise, may be maintained.

[3]The Services assert, without authority, that the plaintiffs' claim for attorney fees is not properly resolved in the context of a motion to dismiss.  Nonetheless, the parties have briefed the issue and the court will proceed accordingly. See, e.g., Broadcast Music v. Rindge Lane Corp., No. 93-460-JD, slip op. at 30 (D.N.H. March 27, 1995) (court awarded attorney fees to plaintiff when ruling on motion for summary judgment, subject to submission of an itemized claim for fees by plaintiff and written objection by defendant).

When issuing a final order in a civil lawsuit, the court "may award costs of litigation (including reasonable attorney . . . fees) to any party, whenever the court determines that such an award is appropriate."  16 U.S.C. § 1540(g)(4).  The fact that the plaintiffs' claim is moot does not preclude an award of costs and attorney fees.  See, e.g., Conservation Law Found. v. Secretary of Interior, 790 F.2d 965, 967-68 (1st Cir. 1986) (award of fees under ESA appropriate even though case dismissed as moot prior to trial on the merits).

In interpreting a virtually identical "whenever appropriate" fee award provision under the Clean Air Act, the Supreme Court held that in order to qualify for a fee, a party must at least achieve "some success, even if not major success."  Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 (1983).  The First Circuit has interpreted the "whenever appropriate" standard of the ESA's fee award provision to mean "notable progress, short of full achievement, on any issue of substance."  Conservation Law Foundation, 790 F.2d at 967 (interpreting Ruckelshaus).  In addition, "the dominant consideration is whether litigation . . . has served the public interest by assisting in the interpretation or implementation" of the Act.  Alabama Power Co. v. Gorsuch, 672 F.2d 1, 3 (D.C. Cir. 1982).

10

The court finds that an award of reasonable attorneys fees is appropriate because the plaintiffs have assisted in the implementation of and government compliance with the ESA and have thereby served the public interest.  The plaintiffs have achieved "notable progress" on a significant issue in that their petition and subsequent lawsuit led the Services to designate a distinct population segment of the Atlantic salmon as a species deserving of protection under the ESA.[4]  Finally, the court notes that no unfairness results from an award of fees because the twelve month statutory period and the sixty-day notice period afforded the Services ample opportunity to act on the plaintiffs' petition. Even with that opportunity, the Services violated the ESA by failing to act upon the plaintiffs' petition until almost three months after this lawsuit was commenced.

Accordingly, by August 25, 1995, the plaintiffs shall submit an itemized claim for costs and fees under oath, supported by a detailed breakdown of the work accomplished, who performed each

---

[4]The Services, referring to Hallstrom v. Tillamook County, 493 U.S. 20 (1989), argue that the plaintiffs erroneously rely on a "catalyst" theory in support of their claim for attorney fees. The Services' reliance on that case is misplaced.  Hallstrom, which did not address the issue of attorney fees, held that a Resource Conservation Recovery Act lawsuit must be dismissed where the plaintiff did not satisfy the sixty-day notice requirement of the statute.  In contrast, the plaintiffs in the present case have satisfied the sixty-day notice requirement of the ESA and, therefore, Hallstrom is inapplicable.

11

task and on which day, the professional qualifications of each billing individual, and a list of disbursements. The Services shall have fifteen days from date of service of plaintiffs' claim to file any objection. The court directs the parties to engage in a good faith effort to agree on the amount of costs and fees to be awarded.

Conclusion

For the reasons stated, the court (1) grants the Services' Motion to Dismiss (document no. 7); and (2) grants the plaintiffs' request for court costs and attorney fees. The plaintiffs' Motion for Summary Judgment (document no. 3) and "Motion to Amend Proposed Order" (document no. 4) are moot.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

August 4, 1995

cc:  Jonathan McNeal, Esquire
     Kelly E. Mofield, Esquire

12