RESTORE v. USDA                    CV-95-498-JD  04/11/96

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE

RESTORE: The North Woods

        v.                                Civil No. 95-498-JD

United States Department
of Agriculture, et al.


                            O R D E R


     The plaintiff, RESTORE: The North Woods ("RESTORE"), brought
this action seeking declaratory and injunctive relief following
the decision of the defendants (collectively the "Forest
Service") to perform bridge reconstruction and trail relocation
work on the Huntington River Winter Access Trail ("HRWAT").
Before the court are the defendants' motion to dismiss (document
no. 6) and motion for summary judgment (document no. 18), and the
plaintiff's motion for summary judgment (document no. 17).


                           Background

     On May 25, 1995, the Forest Service released for public
comment a five-part plan to reconstruct the HRWAT, a 1.15-mile
trail providing winter access to Huntington Ravine.  The HRWAT is
regularly used by hikers and by the Forest Service for search and
rescue operations.  The reconstruction plan called for the Forest
Service to replace four bridges; relocate eighty-five feet of

trail at two bridge locations; reduce the size of approximately thirty rocks to allow safe passage by winter vehicles; stabilize part of the trail; and eliminate 870 feet of the Huntington River Hiking Trail by designating the parallel section of the HRWAT as the hiking trail.

By letter to the file dated August 10, 1995, District Ranger Kathryn Bulchis documented her decision to begin replacing three of the four bridges and relocating eighty-five feet of trail due to the "immediate need to provide safe access for the public and Forest Service employees and cooperators." Bulchis stated in her letter that given the "widespread misunderstanding" concerning the reconstruction project, she had decided to defer the decision on the remaining components "to allow time for additional public outreach." Bulchis also indicated that replacement of the fourth bridge could be deferred for a short period of time "because it [did] not pose as immediate a safety risk," and suggested that replacement of the fourth bridge might be contingent on completion of the other components of the restoration project.

The Forest Service commenced work on the bridge replacement and trail relocation project on October 3, 1995, and completed all or substantially all of the work by October 26, 1995. RESTORE filed a complaint on October 16, 1995, alleging that the Forest Service's decision to move ahead with the bridge

2

replacement and trail relocation project violated the National Environmental Policy Act ("NEPA"), the Forest Service Handbook, and the Administrative Procedure Act. The plaintiff sought, inter alia, a preliminary injunction prohibiting the Forest Service "from performing any bridge relocation or new trail construction," and a declaration that the HRWAT project had been illegally segmented in violation of NEPA and did not fall within a categorical exclusion under NEPA. The plaintiff has withdrawn its request for a preliminary injunction.

Bulchis has attested that the Forest Service has made no decision concerning the remainder of the reconstruction project, including replacement of the fourth bridge. She also has stated that the Forest Service's final decision on the matter will depend on a variety of factors including the need for such work, the relative priority of other projects, budgetary constraints, and unforeseen events. Second Declaration of Kathy Bulchis at ¶¶ 2-3.

## Discussion

The Forest Service argues as a threshold matter that the plaintiff's claims are not properly before the court because they are not justiciable. Specifically, the Service claims that the plaintiff's requests for relief related to the work already

3

performed is moot, and that the plaintiff's claims related to the remaining components of the reconstruction project are not yet ripe for judicial review. The plaintiff disputes the assertions that its claims are moot and not yet ripe and contends that the Forest Service's August 10, 1996, decision falls into the "evading review but capable of repetition" exception to the mootness doctrine.

A.  <u>Mootness</u>

Article III of the Constitution limits the court's jurisdiction to the resolution of actual cases or controversies. U.S. Const. art. III, Sec. 2, cl. 1; <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990); <u>Oakville Dev. Corp. v. FDIC</u>, 986 F.2d 611, 613 (1st Cir. 1993). The court lacks the authority "to issue advisory opinions . . . [or] to decide questions that cannot affect the rights of litigants in the case before [it]." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) (per curiam) (citations omitted). Although an action may present a live controversy at the time of filing, subsequent events may render the action moot. <u>See, e.g.</u>, <u>Kremens v. Bartley</u>, 431 U.S. 119, 129 (1977) (constitutional challenge to statute rendered moot by enactment of superseding statute); <u>Board of License Comm'rs v. Pastore</u>, 469 U.S. 238, 239 (1985) (per curiam) (lawsuit

4

challenging restrictions placed on business rendered moot by closure of business). When no case or controversy exists, a claim is moot because its resolution would not affect the parties' legal interests. Air Line Pilots Ass'n v. UAL Corp., 897 F.2d 1394, 1396 (7th Cir. 1990); see Oakville Dev. Corp., 986 F.2d at 613; New Bank of New England, N.A. v. Tritek Communications, Inc., 143 F.R.D. 13, 17 n.1 (D. Mass. 1992). The court must dismiss moot claims. Oakville Dev. Corp., 986 F.2d at 613.

An exception to the mootness doctrine attaches when the conduct being challenged is "capable of repetition, yet evading review." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). In order to invoke the exception, the plaintiff "must show that '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" Boston Teachers Union, Local 66 v. Edgar, 787 F.2d 12, 17 (1st Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982) (per curiam)); see also Oakville Dev. Corp., 986 F.2d at 613 (exception only applicable where there is a "reasonable expectation" or "demonstrated probability" of recurrence involving same complaining party).

To the extent that the plaintiff seeks relief for the projects that already have been completed, the court finds that the plaintiff's claim is moot. Even if the Forest Service violated statutory or administrative requirements in deciding to implement the bridge replacement or trail relocation projects, the court cannot craft an injunctive or declaratory remedy that would affect the parties' rights as they relate to these efforts. Although the plaintiff argues that the August 10, 1995, decision constituted an improper segmentation of the HRWAT reconstruction plan, the only possible relevance this argument might have relates to the Forest Service's plans for restoring the HRWAT in the future, which the court considers infra, and not to work that already has been completed.

The court also finds that the plaintiff's claims are not properly considered as capable of repetition yet evading review. The events precipitating this litigation do demonstrate the Forest Service's belief that it can replace the fourth bridge targeted in the HRWAT restoration plan without filing an environmental impact statement or a decision memo. However, the record before the court indicates that implementation of such a project is contingent on an administrative decision that the court is not in a position to forecast. Moreover, the record demonstrates that the Forest Service did not begin its bridge

6

replacement and trail relocation work until nearly two months
after the decision to undertake these efforts was made.  The
evidence thus belies the defendant's assertions that the decision
to replace the fourth bridge without adhering to proper
procedural requirements is a demonstrated probability, or that
such a decision would be likely to evade judicial scrutiny.
Accordingly, the court dismisses as moot the plaintiff's claims
as they relate to the already completed work.

    B.  Ripeness

Just as the mootness doctrine prevents the court from
issuing a ruling that cannot affect the parties' legal interests,
the ripeness doctrine seeks to "'prevent the courts, through
avoidance of premature adjudication, from entangling themselves
in abstract disagreements.'"  Ernst & Young v. Depositors
Economic Protection Corp., 45 F. 3d 530, 535 (1st Cir. 1995)
(quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967)).
Inquiry into a dispute's ripeness encompasses two distinct
questions: (1) whether the issue presented "'involves uncertain
and contingent events that may not occur as anticipated or may
not occur at all,'" id. at 536 (quoting Massachusetts Ass'n of
Afro-American Police v. Boston Police Dep't, 973 F.2d 18, 20 (1st
Cir. 1992) (per curiam)); and (2) the extent to which the

7

challenged agency action creates a direct and immediate dilemma for the parties.  Id. at 535 (citing W.R. Grace & Co. v. EPA, 959 F.2d 360, 364 (1st Cir. 1992)).  A finding of ripeness requires satisfaction of both prongs of the inquiry.  Id. at 535 & n.9.

The court need not advance beyond the first prong of this formula.  As noted supra, the remainder of the HRWAT restoration project is contingent on a variety of factors currently under consideration at the administrative level.  It is entirely speculative whether the Forest Service will decide to complete the remaining components of the project and what procedures it will follow in reaching its decision.  Compare Roosevelt Campobello Int'l Park Comm'n v. EPA, 684 F.2d 1034, 10 (1st Cir. 1982) (agency action not ripe if it requires further administrative action).[1]  As such, the court finds that the plaintiff's claims related to future implementation of the HRWAT restoration project are not ripe for judicial review.

---

[1]The plaintiff relies on Roosevelt Campobello for the proposition that an agency action is ripe for review if it changes the status quo, and claims that "the decision to move forward with the action to reconstruct the HRWAT changed the status quo."  Plaintiff's Reply Memorandum at 3.  The argument fails because the agency action relevant to the court's ripeness inquiry is not the work that already has been completed, but, rather, implementation of the remainder of the project.

## Conclusion

The defendant's motion to dismiss (document no. 6) is granted. The defendant's motion for summary judgment (document no. 18) and the plaintiff's motion for summary judgment (document no. 17) are moot. The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

April 11, 1996

cc:  Grant T. Kidd, Esquire
     T. David Plourde, Esquire

9