NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIVO INC.,**

*Plaintiff-Appellee,*

**v.**

**ECHOSTAR CORPORATION,
ECHOSTAR DBS CORPORATION,
ECHOSTAR TECHNOLOGIES CORPORATION,
ECHOSPHERE LIMITED LIABILITY COMPANY,
ECHOSTAR SATELLITE LLC,
AND DISH NETWORK CORPORATION,**

*Defendants-Appellants.*

---

2009-1374

---

Appeal from the United States District Court for the Eastern District of Texas In Case No. 2:04-CV-01, *Chief Judge* David Folsom.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, NEWMAN, MAYER, LOURIE, BRYSON, GAJARSA, LINN, DYK, PROST, MOORE, O'MALLEY, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

The parties jointly move to dismiss this appeal due to settlement.

This court issued its *en banc* decision and opinion in this case on April 20, 2011. The judgment affirmed in part, vacated in part, and remanded for additional proceedings. In part, we affirmed the district court's exercise of its discretion to impose sanctions against the appellants.

On May 2, 2011, prior to this court's issuance of the mandate, the parties informed us that they had settled the case on April 29, 2011, and asked us to dismiss the appeal. The parties did not inform us that they had settled the matter before issuance of our decision nor do they inform us that they had agreed to a disposition of the matter dependent upon our decision. It is clear that if the parties had entered into such an agreement before issuance of our decision, it was counsel's duty to inform this court of the agreement. *Board of License Comm'rs of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (citing *Pastore*) ("It is the duty of counsel to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a question of mootness.") (emphasis in original). Clearly, they did not settle before our decision.

Our judgment vacated in part, affirmed in part, and remanded to the district court. If we were to grant the parties' motion, the judgment would be that the appeal is dismissed. Although the parties do not ask us to vacate our decision, at this stage, days before issuance of a mandate, we determine that granting the motion to dismiss, which would result in a modification or vacatur of our *en banc* judgment, is neither required nor a proper use of the judicial system. *Miller v. Anderson*, 268 F.3d 485, 486 (7th Cir. 2001) (during rehearing stage, denying motion to dismiss appeal due to settlement; "the court will not dismiss an appeal after the appeal has been decided"); *see also U.S. v. Payton*, 593 F.3d 881 (9th Cir. 2010) (denying vacatur and dismissal of appeal when mootness arose after appellate court's opinion issued); *Show-*

*time/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (stating that "a motion to dismiss an appeal and to withdraw a decision and opinion once published [should be granted] only in rare cases and for valid reason").

The parties are of course free upon our remand to the district court to request that the district court dismiss the complaint and vacate its previously imposed sanctions because they have settled the underlying matter.[*]  However, consistent with our sister circuits, we conclude that we should not dismiss the appeal after it has been decided.

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss is denied.  The mandate will issue in due course.

FOR THE COURT

| May 10, 2011 | /s/ Jan Horbaly |
| --- | --- |
| Date | Jan Horbaly |
| | Clerk |

---

[*]     Of course, the district court would have no jurisdiction to do either unless and until we return the case to its docket. *See Showtime*, 895 F.2d at 713.

cc:  E. Joshua Rosenkranz, Esq.
     Seth P. Waxman, Esq.
     Edward A. Pennington, Esq.
     Robert Patrick Merges, Esq.
     Matthew D. McGill, Esq.
     Seth D. Greenstein, Esq.
     Edward R. Reines, Esq.
     Christopher J. Kelly, Esq.
     Philip J. Graves, Esq.
     Raymond Millien, Esq.
     Elaine J. Goldenberg, Esq.
     Matthew Schruers, Esq.
     Rodney A. Cooper
     Richard A. Epstein, Esq.
     Gary M. Hoffman, Esq.
     Scott A.M. Chambers, Esq.
     Alexander C.D. Giza, Esq.
     Bruce A. Lehman, Esq.
     Philip S. Johnson, Esq.
     Herbert C. Wamsley, Esq.
     Mark J. Abate, Esq.
     William P. Nelson, Esq.
     Michael K. Kellogg, Esq.
     Willard K. Tom, Esq.
     Paul D. Clement, Esq.