# United States Court of Appeals
# for the Federal Circuit

---

**VERSATA SOFTWARE, INC., VERSATA DEVELOPMENT GROUP, INC., VERSATA, INC.,**
*Plaintiffs-Appellees*

**v.**

**CALLIDUS SOFTWARE, INC.,**
*Defendant-Appellant*

---

2014-1468

---

Appeal from the United States District Court for the District of Delaware in No. 1:12-cv-00931-SLR, Judge Sue L. Robinson.

---

**ON MOTION**

---

Before CHEN, MAYER, AND LINN, *Circuit Judges.*

CHEN, *Circuit Judge.*

### O R D E R

On November 20, 2014, this court issued an opinion in this interlocutory appeal. The opinion, reported at 771 F.3d 1368, reversed the order of the district court denying a stay of trial court proceedings pending the outcome of post-grant review of the asserted patents under the

Patent Office's Transition Program for Covered Business Method (CBM) Patents. Late on November 19, 2014, however, the parties filed with this court a joint request to dismiss the appeal, noting that they had concurrently filed a joint and unconditional stipulation of dismissal of the underlying complaint with the district court pursuant to Federal Rule of Civil Procedure (FRCP) 41(a). This joint request was not presented to the judges until after the release of the opinion.

Due to the unique timing and sequence of events, we stayed issuance of the mandate and directed the parties to respond whether the circumstances require that we vacate our prior opinion. We have considered the parties' responses. Because the parties' voluntary and unconditional dismissal mooted the appeal before the release of our prior opinion, we vacate the opinion and dismiss the appeal.

We have yet to address this precise scenario but find several orders from our sister circuits informative. For example, as explained by the Ninth Circuit, the timing of events in such situations is critical because:

> There is a significant difference between a request to dismiss a case or proceeding for mootness prior to the time an appellate court has rendered its decision on the merits and a request made after that time. Different considerations are applicable in the two circumstances. When we refrain from deciding a case on grounds of mootness, we do so based upon the limitations of our power. We do not have the constitutional authority to decide moot cases.

*Armster v. U.S. Dist. Court for Cent. Dist. of Cal.*, 806 F.2d 1347, 1355 (9th Cir. 1986). Accordingly, when an appeal is moot before issuance of the appellate court's opinion, it is appropriate to vacate that opinion. *See, e.g.*,

*Shokeh v. Thompson*, 375 F.3d 351 (5th Cir. 2004) (vacating, in an immigration case, opinion issued after release of appellant from custody, which rendered appeal moot); *Bouvagnet v. Bouvagnet*, 45 F. App'x 535 (7th Cir. 2002) (vacating opinion and dismissing appeal where parties filed joint notice of settlement and motion to dismiss appeal four days prior to issuance of opinion); *In re Pattullo*, 271 F.3d 898, 902 (9th Cir. 2001) (vacating prior non-precedential opinion when case became moot shortly before issuance of the disposition, although the court of appeals was not timely made aware of the mooting event); *Duran v. Reno*, 197 F.3d 63 (2d Cir. 1999) (vacating prior opinion as moot because appellant was deported prior to issuance); *Walker v. Warden, U.S. Penitentiary, Atl.*, 593 F.2d 21 (5th Cir. 1979) (vacating prior opinion as moot because it was released after death of petitioner-appellant).[1]   A case or controversy must remain alive during all stages of a case, including appellate review. *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).

Because the question of when the district court action was dismissed is a procedural issue not unique to patent law, we apply regional circuit law.  *See, e.g., Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.,* 442 F.3d 1322,

---

[1] We note that, unlike the situation here, when parties reach a settlement soon *after* a valid decision has been rendered, courts have recognized that the proper course of action is not so straightforward. *See, e.g., United States v. Payton*, 593 F.3d 881, 883 (9th Cir. 2010) (denying vacatur of opinion where mootness occurred after a decision issued but before the mandate and cataloguing other circuit cases); *Humphreys v. Drug Enforcement Admin.*, 105 F.3d 112, 115 (3d Cir. 1996) (drawing distinction for vacatur purposes between mooting event occurring before decision and mooting event after decision but before mandate).

1325–26 (Fed. Cir. 2006) (citing *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575 (Fed. Cir. 1984)) ("The Federal Circuit reviews procedural matters that are not unique to patent issues under the law of the particular regional circuit court where appeals from the district court would normally lie."). When the parties filed the joint and unconditional stipulation to dismiss the complaint in district court pursuant to FRCP 41(a)(1)(A)(ii), the complaint was automatically dismissed with no further action of the district court required. In *First Nat'l Bank v. Marine City, Inc.*, 411 F.2d 674 (3d Cir. 1969), the Third Circuit explained the effect of such a stipulation. "The entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Id.* at 677. *See also In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) ("[A] filing under [FRCP 41(a)(1)(A)(i)] is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action.").

Because the parties' joint stipulation was filed in the district court the day before the issuance of this court's opinion on November 20, 2014, the appeal was moot when our opinion issued.[2] There was no longer a controversy whether district court proceedings should be stayed

---

[2] We note that the parties appeared to have reached a settlement nearly a week prior to filing the joint stipulation with this court. We stress the importance of parties informing this court promptly and without delay when a matter has been settled or otherwise may have become moot. *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 68 n.23 (1997) (citing *Bd. of License Comm'rs of Tiverton v. Pastore,* 469 U.S. 238, 240 (1985)) ("It is the duty of counsel to bring to the federal tribunal's attention, *'without delay,'* facts that may raise a question of mootness.").

pending disposition of the post-grant review, because the matter was no longer extant.

Accordingly,

IT IS ORDERED THAT:

(1) The court's opinion issued on November 20, 2014 is vacated.

(2) This appeal is dismissed. The previous stay of the mandate is lifted. Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court


ISSUED AS A MANDATE: February 27, 2015