# United States Court of Appeals for the Federal Circuit

---

**CISCO SYSTEMS, INC., HEWLETT PACKARD ENTERPRISE CO.,**
*Appellants*

**v.**

**K.MIZRA LLC,**
*Appellee*

---

2022-2290, 2023-1183

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00593, IPR2022-00081, IPR2022-00084.

---

## ON MOTION

---

THEODORE M. FOSTER, Haynes and Boone, LLP, Denver, CO, for appellant Cisco Systems, Inc. Also represented by EUGENE GORYUNOV, Chicago, IL; DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX; ANGELA M. OLIVER, Washington, DC.

MANISH MEHTA, Benesch Friedlander Coplan & Aronoff, Chicago, IL, for appellant Hewlett Packard Enterprise Co. Also represented by CRISTINA ALMENDAREZ, SAMUEL RUGGIO.

CRISTOFER LEFFLER, Folio Law Group, PLLC, Seattle, WA, for appellee K. Mizra LLC. Also represented by STEVEN SKELLEY, CLIFF WIN, II, MOSES XIE; TAREK N. FAHMI, Ascenda Law Group, PC, San Jose, CA.

———————————

Before DYK, REYNA, and STOLL, *Circuit Judges*.

REYNA, *Circuit Judge*.

## O R D E R

On August 16, 2024, this court issued an opinion vacating and remanding to the Patent Trial and Appeal Board ("Board") to further consider patentability. Appellant Cisco Systems, Inc. and Appellant Hewlett Packard Enterprise Co. then moved under Federal Rule of Appellate Procedure 42(b) to voluntarily dismiss the appeal. Appellants provided that their motions were unopposed and due to settlement. The parties have not requested that we vacate our opinion. On October 9, 2024, this court stayed the issuance of the mandate for this appeal pending the court's consideration of Appellants' motions. On October 11, 2024, this court invited the U.S. Patent and Trademark Office ("PTO") to comment as to what further action it deems is appropriate in this appeal. *See* 35 U.S.C. § 143. The PTO requested we deny Appellants' motions because this court has already entered its opinion and judgment and denied rehearing. We agree with the PTO.

This court has previously recognized that even in the absence of a request to vacate an opinion, granting a motion to dismiss "at this stage, days before issuance of a mandate, . . . which would result in a modification or vacatur of our [] judgment, is neither required nor a proper use of the judicial system." *TiVo Inc. v. EchoStar Corp.*, 429 F. App'x 975, 976 (Fed. Cir. 2011) (en banc) (citations omitted) (non-precedential order). We see no reason to

depart from that principle here, especially given Appellants filed their motions days before issuance of a mandate. Moreover, appeals from the Board warrant additional consideration of the Director's unconditional right to intervene. 35 U.S.C. § 143. This is yet another reason that generally counsels against granting a motion to dismiss an appeal from the Board after this court has already decided the appeal.

The parties are of course free upon our remand to the Board to seek dismissal.

Accordingly,

IT IS ORDERED THAT:

Appellants' motions to dismiss are denied. The mandate will issue in due course.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 19, 2024
Date