ORDER
PER CURIAM:
On May 8, 2012, the petitioners, veteran Robert L. Solze and his daughter Lois M. Dimitre, in her capacity as attorney-in-fact pursuant to a durable power of attorney, filed a petition for extraordinary relief in the nature of a writ of mandamus seeking relief in relation to Mr. Solze’s VA benefits and the Secretary’s decision to appoint a fiduciary to manage those benefits on his behalf. On September 12, 2012, the parties presented oral arguments before this panel. On October 10, 2012, the Court issued an unpublished order resolving a number of motions and ordering the Secretary to show cause as to why he had not initiated an action in the appropriate state court to appoint a fiduciary for the veteran. The Secretary and the petitioners *119 have since responded to that order. Based on the many filings made by the parties, the oral argument, and the discussion below, the Court will deny the petition for extraordinary relief.
I. BACKGROUND[1]
Mr. Solze served in the United States Marine Corps from May 1945 to January 1971 and retired as a lieutenant colonel. In July 2001, he executed a durable financial power of attorney (POA) that appointed his wife as his agent and Ms. Dimitre, one of his daughters, as his alternate agent if his wife were unable or unwilling to continue to serve as his agent. Petition (Pet.) Exhibit (Ex.) A. His wife died a short time later.[2] Pet. Ex. B. The POA expressly referenced the Maine Revised Statutes and “Maine case law” in describing the scope of the powers it granted. It also provided notice to the agent that, “As the Agent, you are under a duty (called a ‘fiduciary duty’) to observe the standards observed by a prudent person dealing with the property of another. The duty is explained more fully in the Maine Revised Statutes ... and in Maine case law.” Id. According to Ms. Dimitre, she has managed Mr. Solze’s financial matters for over ten years. Mr. Solze lives with another daughter, Robbi Guillerault, who cares for him in her home.
In January 2011, VA found that Mr. Solze was entitled to benefits for a service-connected disability (ischemic heart disease), and it assigned him a 100% disability rating and a retroactive award of $10,692, presumably for the length of time between the date he submitted his claim and the date of the rating decision. This decision is not part of the record. VA issued a second rating decision in April 2011 finding Mr. Solze incompetent to manage his VA benefits due to vascular dementia. Neither Mr. Solze nor Ms. Dimitre challenged VA’s proposal to find Mr. Solze incompetent; instead, they waived their due process right to a hearing on the matter of competency in response to VA’s proposal to find Mr. Solze incompetent. See April 28, 2011, Rating Decision (“[Y]ou agreed with our proposed action and requested that a fiduciary be assigned to assist you in managing your VA benefits.”). In May 2011, VA proposed to appoint a fiduciary to manage Mr. Solze’s benefits. See Pet. Ex. C.
VA scheduled a field examination in June 2011 to determine who would be best suited to serve as a federal fiduciary[3] for Mr. Solze. However, Mr. Solze, via Ms. Dimitre, canceled the appointment, stating that he did not want a federal fiduciary because he had a POA in place to manage his finances. Id. VA rescheduled the appointment with Ms. Dimitre for July 2011, but Ms. Dimitre canceled it. VA again *120 contacted Ms. Dimitre to reschedule the appointment, but she refused to do so. She wrote to VA to dispute the need for a federal fiduciary and stated that Mr. Solze was currently “very well cared for” and that he “will not personally meet with you.” Pet. Ex. D. In August 2011, VA attempted to contact Ms. Dimitre, but she was unavailable. She then contacted VA and requested a letter detailing the reason for VA’s phone call. VA responded with letters to Ms. Dimitre and Ms. Guillerault, requesting that they assist VA in scheduling a field examination to consider one of them as Mr. Solze’s VA-appointed fiduciary. In September 2011, Ms. Dimitre wrote to VA and again stated that it was unnecessary for VA to appoint a federal fiduciary. Pet. Ex. E (stating that Ms. Dimitre had no interest in being appointed by VA as Mr. Solze’s federal fiduciary).[4]
During this time, from February 2011 to September 2011, VA made monthly benefit payments to Mr. Solze until, according to the petitioners, “the payments stopped without notice.” Petitioners’ Aug. 28, 2012, Motion. The petitioners have informed the Court, however, that “Mr. Sol-ze’s financial welfare has been minimally affected by the Secretary’s total withholding of Mr. Solze’s VA benefits.” Pet. at 5.[5]
On September 16, 2011, a VA field examiner recommended that VA appoint a federal fiduciary because it would be “the most practical and effective method of payment to meet the beneficiary’s needs.” Pet. Ex. G.[6] The field examiner also stated, “The protection of a court-appointed fiduciary is not deemed necessary for VA purposes at this time.” Id. That same day, following the investigation required by 38 U.S.C. § 5507, VA appointed Ms. LR as the federal fiduciary; the fiduciary agreed to provide services free of charge to Mr. Solze.[7] However, it does not appear that this fiduciary distributed any money on Mr. Solze’s behalf.
In December 2011, VA received from the petitioners a letter that they submitted as “two Notices of Disagreement” (NOD). Pet. Ex. H. The petitioners stated that they did not dispute VA’s finding that Mr. Solze was incompetent to manage his VA benefits. Instead, they disagreed first with VA’s “determination that a fiduciary is ‘required’ in this case.” Id. (citing 38 U.S.C. § 5502(a)(1)). In connection with this issue, they stated that VA failed to consider (or failed to provide the basis for denying) appointment of Ms. Dimitre as *121 Mr. Solze’s “third-party payee.” Id. Second, they disagreed with VA’s decision to appoint Ms. LR as the federal fiduciary. In other words, the petitioners disagreed both with VA’s determination that a federal fiduciary was necessary and with VA’s selection and appointment of Ms. LR.
In January 2012, the petitioners, through an attorney, sent a letter to the federal fiduciary that stated, “If the funds [currently held by the federal fiduciary] ... are not received by [the attorney] or Ms. Dimitre within the next two weeks, [the attorney has] been authorized to file a civil action against you in Maine Superior Court.” May 25, 2012, Statement of the Case (SOC). The federal fiduciary promptly resigned in February 2012.
In March 2012, VA contacted the petitioners to make an appointment for a field examination to appoint a new fiduciary. The petitioners sought information about the selection and duties of a federal fiduciary. On May 3, 2012, VA provided information to the petitioners in an e-mail, including part of the VA fiduciary agreement form.
On May 8, 2012, Mr. Solze and Ms. Dimitre filed in this Court a petition for extraordinary relief in the nature of a writ of mandamus. The petitioners stated that the precise relief sought was:
A. A writ of mandamus ordering the Secretary to recognize the Durable Financial Power of Attorney executed by Robert L. Solze on July 13, 2001, and the relevant laws of the State of Maine.
B. An order instructing the Secretary to provide Mr. Solze, by or through his attorney-in-fact Lois Dimitre, every dollar of the VA benefits awarded, but unpaid to Mr. Solze.
C. An order for the immediate transfer of Petitioner Solze’s present and future VA funds currently under control of the Secretary to Petitioner Dimitre as attorney-in-fact for Petitioner Solze.
D. In the alternative, an order instructing the Secretary to produce specific and legally supported analy-ses as to why recognition of Mr. Solze’s appointment of Ms. Dimitre as his attorney-in-fact pursuant to 38 C.F.R. §§ 13.58 and 13.59, and payment to Ms. Dimitre for the benefit of Mr. Solze as his attorney-in-fact, is not required as a matter of law.
E. A writ of mandamus ordering the Secretary to retain a qualified accountant, independent of VA, to conduct an accounting of Mr. Sol-ze’s VA benefits from the original appointment of a federal fiduciary to the present.
F. A writ of mandamus ordering the Secretary to make Mr. Solze whole for all costs, fees, and expenses related to this action including, but not limited to, all VA funds withheld from him, all fees and commissions paid to any fiduciary, banking charges, or any other expenses deducted from Mr. Solze’s VA benefit payments.
G. A writ of mandamus ordering the Secretary to pay the reasonable costs and attorneys fees in this matter.
H. Any other action deemed by the Court to be in the interests of justice, the Court’s authority, and the rule of law.
Pet. at 3-5.
In response to the NOD, the VA regional office (RO) issued an SOC on May 25, 2012, and a Supplemental SOC (SSOC) on July 24, 2012. The SOC set forth much of the background described above. It also *122 stated that, due to the petitioners’ failure to cooperate in a field examination and in the appointment of a fiduciary, “no fiduciary is currently serving and no benefits are being paid.” The SSOC stated that VA scheduled a field examination for July 6, 2012, for the purpose of qualifying a fiduciary so benefits could be paid. Counsel for the petitioners advised petitioners to withhold cooperation and refuse to let any VA personnel into their homes. VA acquiesced and canceled the appointment. The SSOC also stated that VA attempted to qualify three individuals as fiduciaries, but upon being advised by VA that the appointment might invite legal action against them, each person refused to serve. Finally, it noted that VA would continue to withhold Mr. Solze’s benefit payments until it could make a determination as to who would best serve in a fiduciary capacity for Mr. Solze.
The petitioners filed a Form 9 Substantive Appeal on July 28, 2012, in which they argued that the SOC did not address certain provisions of the Code of Federal Regulations, did not explain why VA did not recommend Ms. Dimitre to serve as fiduciary, did not provide information about field examinations, did not account for the benefits that VA was withholding, and did not provide other reasons or bases for its actions.
On August 1, 2012, the Court ordered the parties to participate in a Rule 33 conference that was unsuccessful in resolving their dispute. VA certified the Substantive Appeal to the Board on September 7, 2012. The Court heard oral argument on September 12.[8] On September 24, the petitioners wrote to the Board and identified approximately 16 issues (plus additional sub-issues) for the Board to resolve.
II. DISCUSSION
This Court has authority to issue extraordinary writs in aid of its jurisdiction, or potential jurisdiction, pursuant to the All Writs Act, 28 U.S.C. § 1651(a). See Cox v. West, 149 F.3d 1360, 1363 (Fed.Cir.1998). However, “[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.” Kerr v. U.S. Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); see also Lamb v. Principi, 284 F.3d 1378, 1384 (Fed.Cir.2002) (“ ‘[Extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial.’ ” (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953))). Before the Court may issue a writ, three conditions must be satisfied: (1) the petitioner must demonstrate that he lacks adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004).
As to the first condition, the petitioners initially argued that, “If the Secretary will not comply with the law and either provide Mr. Solze’s benefits to him or take some action from which an appeal can be taken, *123 Petitioners have nowhere else to turn.” Pet. at 16. As noted above, however, shortly after the petitioners submitted their petition, the Secretary issued an SOC that expressly recognized the issues raised on appeal as the requirement to appoint a fiduciary under 38 U.S.C. § 5502 and the selection of Ms. LR as that fiduciary.
Following this development, the Court sought additional briefing as to whether the petitioners had adequate alternative means to obtain their desired relief. Order, at *2 (Aug. 1, 2012). The Court asked the parties to “specifically address, in what ways, if any, the RO’s withholding of the VA benefits payments raises a matter that cannot be adequately remedied through the current appellate process following the July 2012 SSOC.” Id. In their response, the petitioners stated that the RO’s withholding of benefits payments “is a prohibited constitutional taking requiring this Court’s immediate remedy.” Petitioner’s Response at 21 (Aug. 22, 2012). The petitioners did not provide any legal support for their position. The Secretary responded that the petitioners had adequate alternative means to obtain their desired relief by means of an appeal to the Board. The Secretary argues that, pursuant to Freeman v. Shinseki, 24 Vet.App. 404 (2011), the selection and appointment of a fiduciary is a matter reviewable by the Board and by this Court.[9]
Indeed, in Freeman, this Court held that a veteran “is clearly and indisputably entitled to appeal to the Board the decision of the VSCM to appoint a paid federal fiduciary,” and “appeal any final adverse Board decision on this matter to the Court.” Id. at 417. The Court did not hold that any dispute regarding the appointment of a federal fiduciary entitled a party to a writ of mandamus directing the Secretary to take certain actions. Although the Court did issue a writ in Freeman, it did so based on the Secretary’s refusal to accept an NOD and issue an SOC, that is, on the Secretary’s refusal to allow the dispute in that case to follow the traditional administrative appellate process. See id. (“[W]ithout the Court’s intervention in the form of extraordinary relief, the petitioner will not be allowed to pursue his claim to the Board.... ”).
As in Freeman, the Court has traditionally only found that a petitioner lacks adequate alternative means to obtain relief where the Secretary has refused to process an appeal. For example, in Ribaudo v. Nicholson, 20 Vet.App. 552 (2007) (en banc), the Secretary, through the Chairman of the Board, issued a memorandum that stayed a certain class of appeals to the Board pending the Secretary’s appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) of a separate decision of this Court. The petitioner sought a writ of mandamus ordering the Secretary to rescind the stay. Id. at 553. The Court found that the Secretary’s action would “prevent any appeal falling within the terms of the [Chairman’s memorandum] from reaching the Court because it precludes a Board decision from being made” and concluded that the petitioner therefore lacked adequate alternative means to obtain relief. Id. at 555.
To the contrary, in Erspamer v. Derwinski, the Court found that the petitioner had “effectively exhausted any and all alternative means” to obtain relief and had endured a ten-year delay in the resolution of her appeal but declined to issue a writ of mandamus “based upon the representa *124 tions of counsel for respondent [that the petitioner’s appeal would soon be resolved] and in recognition of the truly extraordinary nature of the relief requested.” 1 Vet.App. 3, 11 (1990).
With these cases in mind, the Court turns to the petition before it. As noted above, the petitioners filed an NOD as to the Secretary’s decision to appoint a federal fiduciary and his decision to select Ms. LR as that fiduciary. The Secretary issued an SOC and SSOC discussing the facts and law pertaining to those issues. The petitioners were unsatisfied with the SOC and SSOC and perfected their appeal to the Board, and the Secretary certified that appeal. Even though part of the decision appealed from pertained to the appointment of a fiduciary who has now resigned, the Secretary has conceded that the appeal is not moot because it may still be used as a vehicle for appointing a different fiduciary. Specifically, the appeal will give the Board jurisdiction to address whether Ms. Dimitre, as holder of a POA for Mr. Solze, is entitled to the direct receipt of his benefits without an appointment by VA as a federal fiduciary. In addition, the petitioners have identified approximately 16 issues for the Board to address. As this Court stated in Freeman, these are matters that may be reviewed by the Board and, ultimately, by this Court. In light of these facts and the Court’s decision in Freeman, and in the absence of any persuasive argument or authority submitted by the petitioners, the Court concludes that the petitioners have failed to establish that they have no adequate alternative means, absent a writ of mandamus, to obtain relief as to the issue of whether Ms. Dimitre should be the recipient of her father’s benefits as his fiduciary.[10]
The Court notes that it is constrained by the law and cannot act in equity. VA has acted in an expeditious manner since it issued the May 25, 2012, SOC. While the Court recognizes that the selection and appointment of fiduciaries are “new” areas of law to the extent that those decisions are now appealable by a veteran and reviewable by the Board and by this Court, the Court also expects VA and the Board to continue to proceed in a timely fashion.[11]
The Court also expresses its concern over VA’s reluctance to utilize other methods by which it is authorized to distribute benefits during a dispute over the appointment of a fiduciary, namely 38 C.F.R. §§ 13.59 and 13.63. In sum, the Secretary cannot delay payment forever. Section 13.59 authorizes the Secretary to seek appointment and certification of a fiduciary appointed by a state court. And section 13.63 plainly states that payment may be made to a veteran’s custodian-in-fact when payments are withheld because they may not be properly made to an existing fiduciary. The Secretary’s regulations do not *125 contemplate a time frame in which the Secretary must implement an alternative method of payment, but that time frame is certainly not unlimited. The Secretary’s regulations are designed to provide him with a variety of methods by which to pay incompetent veterans their benefits in a timely fashion while reasonably safeguarding their use for the benefit of an incompetent veteran, and an unreasonable delay in the distribution of benefits raises the specter of an abuse of discretion by the Secretary.
Despite these concerns, the petitioners have provided the Court with no grounds upon which to grant the petition.[12] As discussed above, the petitioners have a clear alternative method by which to obtain the relief they seek, an appeal to the Board, which the Secretary is now processing in an expeditious manner. In addition, the Court was not persuaded that the petitioners had demonstrated a clear and indisputable right to the writ nor was the Court convinced, given the facts presented, that the issuance of the writ was warranted. Therefore, the Court will deny the petition.
Upon consideration of the foregoing, it is
ORDERED that the petitioner’s November 9, 2012, Motion for Leave to File Supplemental Information is granted. It is further
ORDERED that the petition is denied.

. The Court repeats in large part the background section contained in its unpublished October 10, 2012, order. Because this matter comes before the Court on a petition instead of through the regular appeals process, the record before the Court is incomplete.

. The POA states, "My alternate agent may execute and deliver an affidavit that my Agent is unwilling or unable to serve or to continue to serve and such affidavit shall be conclusive evidence insofar as third parties are concerned of the facts set forth therein, and in such event any person acting in reliance upon such affidavit shall incur no liability to me or my estate because of such reliance.” There is no evidence that Ms. Dimitre has provided such an affidavit to VA or to the Court, but she did provide her mother's death certificate as exhibit B to her petition.

."Federal fiduciary” is a term used by VA and defined as "a person or legal entity authorized by VA to serve as payee for the VA benefits of an incompetent beneficiary.” VA Adjudication Procedures Manual Rewrite M21-1MR, Pt. XI, Ch. 2, Sec. E.

. Our dissenting colleague mistakenly believes that Mr. Solze requested that Ms. Dimi-tre be named his VA fiduciary. Post at 126, 127. This is incorrect. The petitioners’ position is not that Ms. Dimitre be selected by VA as Mr. Solze’s federal fiduciary, but that Mr. Solze’s benefits be sent directly to Ms. Dimi-tre with no additional oversight.

. Although our dissenting colleague discusses at length a recent event where Ms. Guillerault had to temporarily place Mr. Solze in a nursing home while she was hospitalized for an illness, the petitioners have consistently stated that Mr. Solze is very well cared for and is financially sound. See also Petitioners’ Sept. 10, 2012, Motion, Ex. B (computing Mr. Sol-ze’s monthly income, excluding VA benefits, as $6,657.50).

. Field examiners are VA employees who are authorized to conduct investigations, called "field examinations,” to examine witnesses on matters within the jurisdiction of VA, to take affidavits, to administer oaths, and to aid claimants in the preparation of claims. VA conducts field examinations in matters involving "the welfare of beneficiaries ... who are under legal disability or in need of supervision by the Veterans Service Center Manager” (VSCM). 38 C.F.R. § 13.2 (2012).

. The Secretary may authorize a fiduciary to obtain from the beneficiary’s estate a commission not to exceed 4% of the benefits paid on behalf of the beneficiary to the fiduciary. See 38 U.S.C. § 5502(a)(2).

. The parties have submitted a number of motions for leave to file supplemental information, and they have attached additional documents to their various filings. In particular, on November 9, 2012, the petitioners filed a motion for leave to file supplemental information. The Court grants this motion. New evidence comes to light with each passing month.

. The petitioners also cited to Freeman throughout their briefs, but they have made no specific arguments that support consideration of the petition and issuance of an All Writs Act remedy.

. Our dissenting colleague expresses his concern over the Board's willingness to address "the Tenth Amendment issues raised by the conflict between Maine and Federal law.” Post at 128. Neither the petitioner nor the Secretary briefed or argued any issue under the Tenth Amendment. To the extent that the petitioners’ counsel addressed issues of federalism, their broad, unsupported proclamations that compliance with federal statutes and VA regulations would force Ms. Dimitre to violate Maine law are not persuasive. In addition, in discussing federal preemption, the petitioners argued that Maine law does riot conflict with federal law. Petitioners’ Response to August 1, 2012, Court Order at 8-15 ("Federal Law Is Not ‘Supreme’ In This Area.”).

. The Court notes that the Federal Circuit’s decision in Youngman v. Shinseki, 699 F.3d 1301 (Fed.Cir.2012), may inform the petitioners concerning the resolution of this matter in a timely fashion.

. Unlike our dissenting colleague, who would grant the petition and issue a writ of mandamus ordering the Secretary to pay Mr. Solze's benefits to Ms. Guillerault via 38 C.F.R. § 13.63, we are unpersuaded that the petitioners have established their right to relief under the All Writs Act, despite our sympathy for Mr. Solze and the situation he finds himself in. The Court’s sympathy toward the veteran cannot substitute for the administrative appeal process made available by Freeman.