# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 12-1512

ROBERT L. SOLZE AND LOIS M. DIMITRE,                     PETITIONERS,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS,                           RESPONDENT.

Before MOORMAN, LANCE, and DAVIS, *Judges.*

## O R D E R

On May 8, 2012, the petitioners, through counsel, filed a petition for extraordinary relief in the nature of a writ of mandamus, asserting that VA would not "pay Mr. Solze's awarded VA benefits to him or his valid attorney-in-fact or identify the legal authorization to not do so." Petition at 1. In a January 4, 2013, order, the Court denied the petition. *Solze v. Shinseki*, 26 Vet.App. 118 (2013). Although the panel expressed "concern over VA's reluctance to utilize other methods by which it is authorized to distribute benefits," including temporary payments under 38 C.F.R. § 13.63, the Court held that the petitioners had not demonstrated that they lacked adequate alternative means to obtain their desired relief. *Id.* at 124-25.

On January 24, 2013, the petitioners filed a "Motion for Reconsideration, Or, In The Alternative, Full Court Review," arguing, inter alia, that VA "has refused and continues to refuse" to make a decision on the applicability of 38 C.F.R. § 13.63. The Court denied reconsideration on March 4, 2013, and the motion for full court review was referred to the full Court. While that motion was pending before the en banc Court, the Court discovered, sua sponte, that the Board of Veterans' Appeals (Board) had issued a decision in this case, and on March 18, 2013, the Court withdrew its March 4, 2013, order denying reconsideration, returning this case to the three-judge panel.

On March 22, 2013, the Court ordered the parties to submit a status report on the issues in this case, together with exhibits deemed helpful to the Court, including a copy of the January 24, 2013, Board decision. Each party filed a response on March 29, 2013.

The petitioners' response reveals that the Board did, in fact, issue a decision on January 24, 2013. In that decision, the Board first noted that the parties failed to notify it "of the actions of the Court in a timely manner," which "caus[ed] delay in the adjudication of this case." Petitioner's Mar. 29, 2013, Response (Resp.) ex. A at 3. The Board, citing this Court's January 4, 2013, order on the petition, ordered that Ms. Dimitre be appointed Mr. Solze's temporary fiduciary pursuant to 38 C.F.R. § 13.63. *Id.* at 6-7.

On April 4, 2013, the Court ordered the parties to appear before the Court on April 16, 2013, to explain why they did not promptly inform the Court of the Board's January 24, 2013, decision, and to show cause as to why the Court should not impose sanctions or commence disciplinary proceedings against them. *Solze v. Shinseki*, No. 12-1512, 2013 WL 1343873, at *2 (Vet. App. Apr. 4, 2013). On April 8, 2013, the petitioners filed a response to the Court's April 4 order. On April 9, 2013, the Secretary filed a motion for leave to file a response to the Court's April 4 order. On April 8, 2013, the parties also filed motions for leave to file supplemental information concerning additional agency action regarding the fiduciary matter. The Court will grant these motions for leave to file and will direct the Clerk to file the supplemental information.

The Court heard oral argument on April 16, 2013.[1] At argument, counsel for both parties denied any intentional misrepresentation to the Court and asserted that failure to notify the Court of the Board's decision did not violate any of the Court's Rules of Practice and Procedure or Admission and Practice or the Model Rules of Professional Conduct. On April 22, 2013, the petitioners filed a motion for leave to file supplemental information concerning Model Rule of Professional Conduct 3.3, and on April 30, 2013, the petitioners filed a motion for leave to file additional supplemental information concerning the fiduciary dispute. The Court will grant the April 30 motion for leave and will direct the Clerk to file the supplemental information.

## I. DUTY TO NOTIFY THE COURT

With respect to the concerns raised in the Court's April 4, 2013, order, the Court holds that both parties were under a duty to timely inform the Court of the Board's January 24, 2013, decision. Initially, the Court notes that the parties focused at oral argument on whether such a duty was imposed by Rule 30 of the Court's Rules of Practice and Procedure or Rule 3.3 of the Model Rules of Professional Conduct. Although the Court acknowledges that its April 4, 2013, order cited those rules, it is troubled that the parties limited their arguments to whether they complied with the text of those specific rules rather than a general discussion of their duty to keep the Court apprised of significant developments. Indeed, it appears that the parties still do not appear to be fully aware of the Court's concerns or why they pose a problem in this case.

In all cases before this Court, the parties are under a duty to notify the Court of developments that could deprive the Court of jurisdiction or otherwise affect its decision. *See*, *e.g.*, *Fusari v. Steinberg*, 419 U.S. 379, 391 (1975) (Burger, C.J., concurring) ("It is disconcerting to this Court to learn of relevant and important developments in a case after the entire Court has come to the Bench to hear arguments."); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) ("It is the duty of counsel to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a

---

[1] Douglas J. Rosinski, of Columbia, South Carolina, argued for the petitioners. With him on the pleadings and at counsel's table was Katrina J. Eagle, of San Diego, California.

R. Randall Campbell, VA Assistant General Counsel, of Washington, D.C., argued for the respondent. With him on the pleadings were Will A. Gunn, VA General Counsel, Joan E. Moriarty, VA Deputy Assistant General Counsel, and Mark M. McNabb, all of Washington, D.C.

question of mootness." (quoting *Board of License Comm'rs of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) ( per curiam))). For example, when an appellant dies after filing a Notice of Appeal with the Court, "[a]ny party or representative who becomes aware of the appellant's death *shall notify* the Court of the death." U.S. VET. APP. R. 43(a)(2).

This duty is vital to ensure that the Court does not issue a decision absent a live case or controversy. *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994) (adopting the case-or-controversy requirements imposed by Article III of the U.S. Constitution); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction."). "As the parties might be aware, deciding live disputes keeps us busy enough and we feel no need to moonlight by rendering advisory opinions." *Publicis Commc'n v. True N. Commc'ns, Inc.*, 206 F.3d 725, 727 (7th Cir. 2000).

This duty is particularly significant in cases filed pursuant to Rule 21 of the Court's Rules of Practice and Procedure. When a petitioner files a petition for extraordinary relief asking the Court to issue a writ of mandamus, he or she seeks to have the Court interject its authority into a live controversy, and ongoing developments at the agency are highly relevant to the Court's deliberations on petitions. In essence, the petitioners ask the Court to dip its oar into the waters of the agency's ongoing claims process; it is incumbent on the parties to chart for the Court the hazards lurking beneath the water's surface and changes in the current's flow. *See Douglas v. Donovan*, 704 F.2d 1276, 1279 (D.C. Cir. 1983) ("As officers of this court, counsel have an obligation to ensure that the tribunal is aware of significant events that may bear directly on the outcome of litigation.").

Contrary to the parties' arguments, the Court's January 4, 2013, decision did not terminate this duty. By filing a motion for reconsideration, the petitioners again called on the Court to act, resurrecting the parties' obligations to fully inform the Court of relevant developments. By way of example, if, instead of appointing Ms. Dimitre as a temporary fiduciary under § 13.63, the Board had ordered that she be appointed as Mr. Solze's permanent VA fiduciary, the petitioners' case would have been rendered moot. Failure to notify the Court of the Board's decision could have resulted in a reconsidered panel decision or en banc decision in conflict with that determination, placing the fiduciary hub in the impossible position of trying to decide how to effectuate both binding orders.

Moreover, it is irrelevant that neither party believed that the Board's decision would impact the Court's ruling on the motion for reconsideration, as that was not a question within the parties' power to decide. *See Fusari*, 419 U.S. at 391(Burger, C.J., concurring) ("This Court must rely on counsel to present issues fully and fairly, and counsel have a *continuing duty* to inform the Court of any development which *may conceivably affect* an outcome." (emphasis added)); *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 963 n.5 (9th Cir. 2010) ("Where, as here, the complexion of the case has entirely changed while the appeal is pending, counsel for both parties have an obligation to so inform the court. *That is so even if a party believes it has a basis for arguing that the issue should still be decided.*" (emphasis added)).

The fact that the Board acted and granted some part of the relief sought by the petitioners is something that the Court should have been able to consider when acting on the petitioners' motion for panel reconsideration and full-court consideration. Whether and how the Board decision would impact these deliberations was a determination for the Court alone to make, and the judgment of counsel for both parties lapsed by failing to bring it to the Court's attention.

To be absolutely clear, the parties in this case were under a duty to timely notify the Court of the Board's January 24, 2013, decision, and both parties breached that duty.[2] To the extent that this duty has not previously been made clear by the Court, neither sanctions nor referral for disciplinary action are warranted in this case. However, counsel in this case—and all parties to every case before the Court—are now on notice of their continuing responsibility to apprise the Court of significant developments, particularly for cases filed pursuant to Rule 21.

Given this disposition, the petitioners' April 22, 2013, motion for leave to file supplemental information pertaining to Model Rule 3.3 will be dismissed as moot.

## II. MOTION FOR PANEL RECONSIDERATION

After reviewing the parties' pleadings in this case, the Court will again deny the petitioners' motion for panel reconsideration. The motion for full-Court consideration is referred to the full Court.

Upon consideration of the foregoing, it is

ORDERED that the parties' April 8, 2013, April 9, 2013, and April 30, 2013 motions for leave to file supplemental information are granted, and the Clerk is directed to file those pleadings. It is further

ORDERED that the petitioners' April 22, 2013, motion for leave to file supplemental information is dismissed as moot. It is further

ORDERED that the petitioner's January 24, 2013, motion for panel reconsideration is DENIED. The motion for a full-Court decision is referred to the full Court.

DATED:  May 3, 2013                                      PER CURIAM.

---

[2] At oral argument, the Secretary asserted that Rule 35 of the Court's Rules of Practice and Procedure prohibited him from informing the Court of the Board's decision. The Court is mindful that "[n]o response to a motion under this Rule may be filed unless it is requested by the Court." U.S. VET. APP. R. 35(g). However, just as both parties are under a continuing obligation to inform the Court of pertinent and significant authority that comes to their attention after the parties' briefs have been filed, U.S. VET. APP. R. 30(b), the parties' overarching duty of candor to the tribunal requires this duty to apply to both parties regardless of who filed the motion for reconsideration. *See* MODEL RULES OF PROF'L CONDUCT R. 3.3.