# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 13-1519

ROBERT L. SOLZE, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before MOORMAN, LANCE, and DAVIS, *Judges*.

## O R D E R

This appeal concerns matters relating to VA's fiduciary activities in connection with managing a veteran's VA benefits. On May 22, 2013, the appellant, veteran Robert L. Solze, through counsel, filed a Notice of Appeal from a January 24, 2013, decision of the Board of Veterans' Appeals' (Board) that, among other actions, appointed the veteran's daughter, Lois M. Dimitre, as temporary VA fiduciary to manage the appellant's benefits pursuant to 38 C.F.R. § 13.63 (2012).[1] After the scheduling of a Court conference in this appeal, pursuant to Rule 33 of this Court's Rules of Practice and Procedure (Rules), the appellant informed the Court that, in July 2013, the VA Office of Regional Counsel in Augusta, Maine, filed in a state probate court a petition for appointment of conservator for Mr. Solze relating to Mr. Solze's VA benefits. At the request of the appellant, the Court stayed proceedings until December 6, 2013, based on a tentative agreement concerning the appointment of a conservator for Mr. Solze that was reached by the parties in the ongoing probate court proceeding.

On December 6, 2013, the appellant filed a motion to withdraw the appeal based on a final agreement of the parties, in York County Probate Court in Maine, that he asserts has "resolved the controversies before the Court" in this appeal and attaches a copy of the agreement. Dec. 6, 2013, Motion to Withdraw Appeal, Exhibit B ("Assented to Motion for Conservatorship Order Limitations and Condition" filed in York County Probate Court). Attached to this order is a copy of the parties' "Assented to Motion for Conservatorship Order Limitations and Condition" that was filed in York

---

[1] Also, on May 22, 2013, the Court concluded proceedings in *Solze v. Shinseki*, No. 12-1512, a petition case filed by the appellant's counsel, which sought to compel the Secretary to, inter alia, pay Mr. Solze his awarded VA benefits through Ms. Dimitre. At that time, the Court denied a motion for full-Court review of a January 4, 2013, panel decision denying the petition, *Solze v. Shinseki*, 26 Vet.App. 118 (2013) (per curiam) (denying the petition but expressing concern "over VA's reluctance to utilize other methods by which it is authorized to distribute benefits during a dispute over the appointment of a fiduciary, namely 38 C.F.R. § § 13.59 [(Court-appointed fiduciary)] and 13.63 [(Payment to custodian-in-fact")] ."). Full-Court action followed the panel's May 3, 2013, denial of the appellant's motion for panel reconsideration. *Solze v. Shinseki*, 26 Vet.App. 299 (2013) (per curiam). This Court issued its mandate on July 23, 2013.

County Probate Court and approved by the Probate Court. The agreement itself specifies that the probate court appoints Ms. Dimitre as the conservator of Mr. Solze, provides that VA will certify Ms. Dimitre as the VA fiduciary for Mr. Solze's VA benefits, and establishes other limitations and conditions, including a VA field examination and the securing of a bond. *Id*. The agreement also provides that "VA agrees to rely on the procedures and remedies available under Maine Probate Code to resolve any concerns or disputes that may arise about the accountings and/or the use of funds and will bring any such concerns or disputes to the attention of the [York County Probate] Court." *Id*. at para 4. The agreement further provides for certain VA actions to be expedited. The appellant stated that the Secretary "takes no position" on the motion.

Pursuant to a Court order directing that the Secretary clarify his position, the Secretary filed a response noting that he agrees that withdrawal of the appeal is proper based on the agreement in York County Probate Court but does not agree with the "gratuitous statements" contained in the appellant's motion concerning the Secretary.[2] Dec.. 6, 2013, Secretary's Response to Court's Order at 1.

Accordingly, the Court will grant the appellant's motion to dismiss his appeal and issue mandate as part of this order. *See* U.S. VET. APP. R. 41 (regarding issuance of mandate), 42 (regarding voluntary dismissal).

On consideration of the foregoing, it is

ORDERED that the appellant's motion to dismiss the appeal is GRANTED and this appeal is DISMISSED. Under Rule 41(b), this order is the final judgment and mandate of the Court. *See* U.S. VET. APP. 41(b).

DATED: December 20, 2013                                        PER CURIAM.

---

[2] In ruling on the instant motion, the Court need not consider the characterizations offered by the appellant's counsel with respect to the agreement's provisions and the Secretary's actions.

York County Probate Court
Filing: 11/21/2013 01:18PM
EZFiling ID: 1446

ELECTRONICALLY FILED ON NOVEMBER 2013 0677

## STATE OF MAINE

## YORK COUNTY PROBATE COURT

Alfred, Maine
Docket No. 2013-0677

IN RE: CONSERVATORSHIP OF )
ROBERT L. SOLZE )
  )
  )
  )
  )
  )     ASSENTED TO MOTION
  )     FOR
  )     CONSERVATORSHIP
  )     ORDER LIMITATIONS and
  )     CONDITIONS
  )
  )

In response to a recommendation by the court at its Trial Management Conference of September 18, 2013 and a subsequent hearing on October 9, 2013, the attorneys/parties jointly submit the following proposed conditions and limitations to be incorporated into the ORDER appointing Lois Dimitre CONSERVATOR of her father, Robert L. Solze:

1. The Court appoints Lois Dimitre as Conservator of Robert L. Solze.

2. This action is taken to allow the United States Department of Veterans Affairs (VA) to expedite a certification of the court-appointed conservator as Federal Fiduciary.

3. The VA will recognize the Court's appointment of Lois Dimitre as Conservator and will, upon receipt of the Court's Order appointing Ms. Dimitre as Conservator, certify Ms. Dimitre as Federal Fiduciary in order that Mr. Solze's VA benefits, including retroactive benefits in the amount of $71, 456.60, may be paid promptly to Mr. Solze in accordance with federal laws.

4. Whereby the VA agrees to accept copies of approved accountings provided at least annually to this Court and forwarded to the VA by the Conservator as satisfying its accounting requirements provided that the accountings accurately represent the payments by the VA to the Conservator and that these VA funds are used solely for the benefit of the Mr. Solze. The VA agrees to rely on the procedures and remedies available under Maine Probate Code to resolve any concerns or disputes that may arise about the accountings and/or the use of funds, and will bring any such concerns or disputes to the attention of the Court.

5. In an acknowledgment of the need to expedite this payment, the VA agrees to exercise its authority under 38 U.S.C. 5507 to waive the usual background and credit checks required of Lois Dimitre for Federal Fiduciary.

6. Further, the VA will not require that Lois Dimitre sign a fee agreement letter as a prerequisite to her certification. The balance of the field examination as it pertains to the nominated fiduciary, Lois Dimitre, will include a face-to-face interview with the VA Field

Examiner to discuss her assessment of the needs of Mr. Solze. Ms. Dimitre will be asked if she has been convicted of a felony and will be asked to provide a copy of her bond. The request for copies to the VA of all accountings required by the court will be reviewed. The discussion will focus on the financial status of Mr. Solze. To that end Ms. Dimitre will be asked to provide information regarding Mr. Solze's finances to include any assets, loans, other debts or liens, including federal tax liens, credit cards, and an itemization of the costs of Mr. Solze's care, both actual and anticipated. This should include, but is not limited to, any rents paid and costs of any services to Mr. Solze or costs of care, including respite care incurred by the Guillerault family, in whose house Mr. Solze is currently living, and any tithing or incidental expenses.

7. Lois Dimitre has requested that her attorney be present for this face-to-face interview and the VA does not object to this request nor does the VA object to a meeting held at the office of Ms. Dimitre's counsel.

8. An additional component of the Field Examination requires an assessment of Mr. Solze's status. Due to the particular nature of the Home Based Primary Care that is provided to Mr. Solze by the Department of Veterans Affairs and the regular access already provided by VA medical personnel for this care, the VA agrees to rely on the reports of these individuals to satisfy the face to face interview requirements with Mr. Solze. Questions about his welfare and whether there is anything in particular that he requires will only be asked by VA staff with whom Mr. Solze and/or his family are already familiar. No visit to the home will be required of the Field Examiner.

9. The VA further agrees that the requisite one-year follow-up visit and any subsequent annual visits, if required, will be conducted in the same manner as its introductory visit. The interview component with Mr. Solze will again be completed by VA personnel who have access to the home through his VA Home Based Primary Care.

10. The Conservator agrees to secure a bond of a minimum of $80,000 dollars, or more as the Court orders, as a surety for the retroactive VA funds due to Mr. Solze.

Assented to:

_Jean M. Rummel, Esq._
Counsel for Petitioner

_Bruce McGlauflin_
Counsel for Lois Dimitre

ORDER     This Motion is Allowed/Denied. *Lois Dimitre shall file her acceptance of appointment within 14 days.*

Date *Dec. 4, 2013*

_____
Justice, Probate Court