# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-4638

JEREMY E. FURTICK, APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before PIETSCH, ALLEN, and LAURER, *Judges.*

## O R D E R

Appellant, Jeremy E. Furtick, appeals, through counsel, a May 11, 2020, Board of Veterans' Appeals (Board) decision. The Board concluded that the denial of a hearing by the agency of original jurisdiction (AOJ) was not an appealable issue. Thus, the Board dismissed Mr. Furtick's appeal. This order does not address the merits of Mr. Furtick's appeal. Instead, the Court will dismiss his individual appeal as moot because he received a hearing before the AOJ. And as we explain in more detail, the Court will deny both Mr. Furtick's amended request for class certification and class action (RCA) and the Secretary's motion to dismiss the RCA.

## I. BACKGROUND

As part of the regulatory changes made to implement the Veterans Appeals Improvement and Modernization Act of 2017 (AMA),[1] VA modified 38 C.F.R.§ 3.103(d)(1) to state that "a claimant is entitled to a hearing on any issue involved in a claim . . . before VA issues notice of a decision on an initial or supplemental claim." In May 2019, after the AMA went into effect, Mr. Furtick submitted a supplemental claim seeking service connection for sleep apnea.[2] That same month, he requested a predecisional hearing.[3] On July 24, 2019, VA informed him that he would not receive a hearing.[4] The next day, appellant requested direct review by a Veterans Law Judge and identified the issue as "whether veteran is entitled to a hearing for pending supplemental claim."[5] In response, VA certified appellant's claim to the Board, leading to the Board decision on appeal. The Board concluded that "[a] denial of a hearing at the AOJ is not an appealable determination by VA."[6] The Board acknowledged that failing to provide a hearing could be an

---

[1] Pub. L. No. 115-55, 131 Stat. 1105 (codified as amended in scattered sections of 38 U.S.C.).

[2] RCA Appendix at 108.

[3] *Id*. 162.

[4] *Id*. at 164.

[5] *Id*. at 168.

[6] *Id*. at 171.

error, but it reasoned that Mr. Furtick could raise that error in an appeal from a decision denying benefits.[7] This is precisely what Mr. Furtick did.

On July 29, 2019, VA sent Mr. Furtick a rating decision dated July 25, 2019, denying his sleep apnea claim.[8] On July 24, 2020, Mr. Furtick appealed VA's denial of his sleep apnea claim and requested higher level review (HLR).[9] That November, Mr. Furtick clarified that the focus of his HLR should be the AOJ's failure to provide a hearing before deciding his supplemental claim.[10] In response, VA issued a December 2020 decision acknowledging that Mr. Furtick was entitled to a hearing on his sleep apnea claim.[11] And so, VA scheduled a hearing for Mr. Furtick for March 23, 2021. Mr. Furtick reports that "the hearing proceeded as scheduled."[12]

While he was appealing VA's denial of a hearing through the HLR process, Mr. Furtick also pursued his appeal of the Board decision here. As part of this appeal, Mr. Furtick seeks to represent a class of "[a]ll current claimants for VA benefits who have requested a hearing at the [AOJ] during the pendency of an initial (original) or supplemental claim to the Veterans Benefits Administration, and whom the AOJ has deprived of the requested pre-decisional hearing."[13] Besides asking for class certification, Mr. Furtick asks us to find that VA unlawfully withheld a hearing, in violation of 38 C.F.R. § 3.103(d)(1), and to "vacate any less than fully favorable VA decisions made without first having afforded the Class member a requested pre-decisional AOJ hearing."[14]

The Secretary requests that we dismiss Mr. Furtick's RCA because the issue of whether claimants are entitled to a predecisional hearing is not one that appellant can raise within the context of his appeal.[15] The Secretary asserts that the Court lacks jurisdiction to address the merits of a matter that the Board dismissed and thus the Court should dismiss the RCA.[16] The Court agrees with the Secretary in that the Board decision at issue did not address whether claimants are entitled to a predecisional hearing but dismissed because there was no appealable determination. So the Secretary raises a valid concern about appellant's request to represent the class he has identified. But the Secretary requests the wrong remedy. As we explain below, the fact that Mr. Furtick seeks relief for a class of claimants based on an issue that the Board did not decide prevents the Court from certifying the class.

---

[7] *Id*. at 172.

[8] *Id*. at 185.

[9] Secretary's February 22, 2021, *Solze* Notice at Exhibit A; *see Solze v. Shinseki*, 26 Vet.App. 299, 301 (2013) (per curiam order) ("[T]he parties are under a duty to notify the Court of developments that could deprive the Court of jurisdiction or otherwise affect its decision." (citing *Fusari v. Steinberg*, 419 U.S. 379, 391 (1975))).

[10] *Id*. at Exhibit B.

[11] *Id*. at Exhibit C.

[12] Appellant's March 23, 2021, *Solze* Notice at 1.

[13] RCA at 1.

[14] *Id*. at 24.

[15] Secretary's Motion to Dismiss at 5-6.

[16] *Id*.

## II. ANALYSIS

### A. Mr. Furtick's Individual Appeal

This Court adheres to the case-or-controversy jurisdictional requirements imposed by Article III of the U.S. Constitution.[17] "'[W]hen the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,'" the case or controversy becomes moot.[18] And when a claimant receives the relief sought on appeal, the appropriate course is to dismiss the claimant's appeal as moot.[19]

Here, there is no longer a live case or controversy on Mr. Furtick's individual appeal because he has received his requested relief: a hearing before the AOJ. VA scheduled a hearing on Mr. Furtick's sleep apnea claim, and Mr. Furtick reported that "the hearing proceeded as scheduled."[20] What's more, appellant does not oppose the Court dismissing his individual appeal as moot.[21] Thus, the appropriate action for this Court is to dismiss Mr. Furtick's individual appeal.[22]

This Court has faced the question before of whether requests for class action should continue after the "'named plaintiff's claim'" was rendered moot.[23] The class certification issue may continue if an exception to mootness applies.[24] We will assume for our decision that an exception to mootness allows this RCA to continue even though we dismiss Mr. Furtick's individual appeal as moot.

---

[17] *Cardona v. Shinseki*, 26 Vet.App. 472, 474 (2014) (per curiam order); *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990).

[18] *Godsey v. Wilkie*, 31 Vet.App. 207, 218 (2019) (quoting *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam).

[19] *Long v. Principi*, 17 Vet.App. 555, 556-57 (2004).

[20] Appellant's March 23, 2021, *Solze* Notice at 1.

[21] Appellant's Response to May 12, 2021, Order. On May 12, 2021, the Court ordered the parties to file memoranda addressing whether the case was moot. In his response, appellant does not argue that his individual appeal should not be dismissed as moot.

[22] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 584-85 (1999) (holding that there is no "sequencing of jurisdictional issues" and that federal courts may "choose among threshold grounds for denying audience to a case on the merits"). To the extent that we may lack jurisdiction to review the May 11, 2020, Board decision on appeal, we do not reach that question, as we dismiss on other jurisdictional grounds. *See id.*

[23] *Godsey*, 31 Vet.App. at 218-20 (quoting *Monk v. Shulkin*, 855 F.3d 1312, 1317 (Fed. Cir. 2017)).

[24] *Id.*

## B. Class Action

To determine the propriety of the RCA, we ask whether the proposed class meets the requirements for class certification.[25] The Court sets out the prerequisites for class certification in Rule 23 of our Rules of Practice and Procedure. Class certification is appropriate when

> (1) the class is so numerous that consolidating individual actions in the Court is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the legal issue or issues being raised by the representative parties on the merits are typical of the legal issues that could be raised by the class;
>
> (4) the representative parties will fairly and adequately protect the interests of the class; and
>
> (5) the Secretary or one or more official(s), agent(s), or employee(s) of the Department of Veterans Affairs has acted or failed to act on grounds that apply generally to the class, so that final injunctive or other appropriate relief is appropriate respecting the class as a whole.[26]

The Court will also consider whether class decision is superior to "a precedential decision granting relief on a non-class action basis."[27] This inquiry involves its own nonexclusive list of factors.[28] Like under the Federal Rules of Civil Procedure, a party seeking class certification must prove, by a preponderance of the evidence, that he or she meets each requirement under the rules.[29] Thus, if a claimant fails to meet even one of the requirements, the Court will deny the RCA.

Like other courts, "[w]e must conduct 'a rigorous analysis' of the proposed class."[30] Applying this standard to Mr. Furtick's RCA, the Court finds that he fails to show "that final

---

[25] *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1984) (holding that a court should first assess whether a requested class action satisfies procedural requirements under Rule 23 of the Federal Rules of Civil Procedure before conducting an inquiry into the merits of the claims advanced).

[26] U.S. VET. APP. R. 23(a).

[27] U.S. VET. APP. R. 22(a)(3).

[28] *Skaar v. Wilkie*, 32 Vet.App. 156, 191 (2019) (holding that among other factors, the Court will consider "whether (i) the challenge is collateral to a claim for benefits; (ii) litigation of the challenge involves compiling a complex factual record; (iii) the appellate record is sufficiently developed to permit judicial review of the challenged conduct; and (iv) the putative class has alleged sufficient facts suggesting a need for remedial enforcement").

[29] *Id*. at 189 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

[30] *Skaar*, 32 Vet.App. at 190 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982)).

injunctive or other appropriate relief is appropriate respecting the class as a whole."[31] That is, he fails to meet the fifth class action requirement. Like with the corresponding Federal Rule of Civil Procedure, the central inquiry for the Court under Rule 23(a)(5) is whether the same injunctive or other relief is appropriate for both the representative and the members of the proposed class.[32] The Supreme Court has held that, in the Rule 23(b)(2) setting, class certification is appropriate "only when a single injunction or declaratory judgment would provide relief to each member of the class."[33] "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"[34] In other words, "the injuries sustained by the class must be 'sufficiently similar that they can be addressed' in a 'single injunction that need not differentiate between class members.'"[35]

We need not here explore the full scope of the import of the Supreme Court's decision in *Wal-Mart* as it relates to our Rule 23(a)(5). The problem for Mr. Furtick is that he and his purported class would not share the same relief at all given the Board's decision and the definition of the class Mr. Furtick seeks to represent. Our "jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed."[36] This means that "when the Board has not rendered a decision on a particular issue, [this Court] has no jurisdiction to consider it under section 7252(a)."[37] And here, the Board has not decided whether a claimant is entitled to a predecisional hearing.

Instead, the Board decided that Mr. Furtick could not appeal the denial of a hearing as a stand-alone appellate claim. Thus, the Board dismissed his appeal without deciding whether he was entitled to a hearing. As a result, we would be limited to deciding whether a claimant has a right to appeal the AOJ's denial of a hearing. If Mr. Furtick's claim had continued, and had he prevailed on the merits of his appeal, we could order the Board to adjudicate his claim. In this hypothetical, if Mr. Furtick was also representing a class, we could enjoin the Board from refusing jurisdiction from claimants who want to appeal the AOJ's denial of a hearing.[38] But no matter what, we would not reach the question of whether a claimant is entitled to a predecisional hearing. That would be something for the Board to address on remand.

---

[31] U.S. VET. APP. R. 23(a).

[32] *Compare* U.S. VET. APP. R. 23(a)(5), *with* FED. R. CIV. P. 23(b)(2).

[33] *Wal-Mart Stores, Inc.*, 564 U.S. at 360.

[34] *Id*. (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)).

[35] *Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009) (quoting *Shook v. Bd. of Cnty. Comm'rs of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008)).

[36] *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).

[37] *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000).

[38] In his initial class motion, Mr. Furtick sought to represent a class of "[a]ll claimants who have been denied the right to appeal the denial of an AOJ hearing to the Board." Appellant's Motion for Class Certification and Class Action at 3. Yet, when he filed his amended RCA, Mr. Furtick removed this class definition and maintained a separate proposed class. So the Court will not consider modifying Mr. Furtick's current class definition to match our jurisdictional limitations. Mr. Furtick does not want to represent the class as defined in his initial class motion.

Yet that is precisely the issue Mr. Furtick would like us to decide. He wants us to certify a class of "[a]ll current claimants for VA benefits who have requested a hearing at the [AOJ] during the pendency of an initial (original) or supplemental claim to the Veterans Benefits Administration, and whom the AOJ has deprived of the requested pre-decisional hearing."[39] After we've certified a class, Mr. Furtick asks that we find that VA unlawfully withheld a hearing, in violation of 38 C.F.R. § 3.103(d)(1), and he asks us to "vacate any less than fully favorable VA decisions made without first having afforded the Class member a requested pre-decisional AOJ hearing."[40] In other words, Mr. Furtick asks us to decide whether a claimant is entitled to a predecisional hearing. As we explained, that question is outside our jurisdiction. Thus, the requested relief is also outside our jurisdiction.

This brings us back to Rule 23(a)(5). To have a class certified, Mr. Furtick would need to show that both he and the class would benefit from the same injunctive or other appropriate relief.[41] But here that is impossible. With Mr. Furtick as the class representative, the Court lacks jurisdiction to provide the requested class relief. To be clear, the Court can provide relief to Mr. Furtick, but that relief would not include the relief he requests on behalf of the class. Thus, class certification is inappropriate because a single injunction or other relief would not provide relief to each member of the class he has sought to represent.[42] And so the Court will deny Mr. Furtick's RCA.[43] Because Mr. Furtick cannot meet one of the requirements, we need not address the remaining ones.

### III. CONCLUSION

For these reasons, it is

ORDERED that the stay of proceedings is lifted. It is also

ORDERED that Mr. Furtick's appeal of a May 11, 2020, Board decision concluding that the denial of an AOJ hearing is not an appealable issue is DISMISSED as moot. It is also

ORDERED that the Secretary's February 3, 2021, motion to dismiss appellant's amended RCA is DENIED. It is also

ORDERED that appellant's November 20, 2020, amended RCA is DENIED.

DATED: August 25, 2021                                    PER CURIAM.

---

[39] RCA at 1.

[40] *Id*. at 24.

[41] U.S. VET. APP. R. 23(a).

[42] *Wal-Mart Stores, Inc.*, 564 U.S. at 360.

[43] Under Rule 23(b)(2)(A) the Court may determine that an RCA should be dismissed or denied without a response from the Secretary.

Copies to:

Kenneth H. Dojaquez, Esq.

VA General Counsel (027)