NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MICROSOFT CORPORATION,**
*Appellant,*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

**AND**

**MOTOROLA MOBILITY, LLC,**
*Intervenor.*

---

2012-1445

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-744.

---

**ON MOTION**

---

Before RADER, *Chief Judge,* PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

Concurring opinion filed by *Circuit Judge* PROST.

# O R D E R

Intervenor Motorola Mobility has filed a motion requesting that we dismiss Microsoft's appeal with respect to U.S. Patent No. 5,664,133 and vacate the portion of our October 1, 2013 opinion that addresses the '133 patent. *Microsoft Corp. v. Int'l Trade Comm'n*, 731 F.3d 1354, 1364-68 (Fed. Cir. 2013). Motorola contends that the dispute over the '133 patent is moot because (as Microsoft and Motorola agree) the patent expired on December 13, 2013, and that mootness automatically requires the requested partial dismissal and vacatur. It makes no argument for dismissal and vacatur here if there is any discretion in the matter. We deny Motorola's motion.

First, we conclude that the case is not moot: there remains a live controversy. As Motorola explained in its Statement of Related Cases, Br. for Intervenor Motorola Mobility at ix, there is a pending case in the Western District of Washington in which Microsoft alleges infringement of the '133 patent by Motorola and seeks damages. *Microsoft Corp. v. Motorola, Inc.*, Case No. 2:10-CV-01577-RSM (W.D. Wash. filed Oct. 1, 2010). With the agreement of the parties, the district court stayed that case pending resolution of the Commission proceeding here, precisely because it "involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659. Our ruling on the '133 patent has a concrete legal effect on the Microsoft-Motorola dispute over the same issues in the pending Washington litigation. *Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1308 (Fed. Cir. 2011) (this court's rulings in cases coming from the Commission have precedential effect on the parties in related litigation).

Because of the pending Washington case, our ruling on the '133 patent addresses an actual controversy between two parties to this case having adverse legal interests in its resolution: money is at stake, namely, damages if infringement of the '133 patent is proved (and invalidity

and other defenses rejected) in the Washington case. This court's ruling thus resolves a live controversy even apart from whether the Commission can any longer take action on the '133 patent or otherwise has any continuing interest in this matter. This is anything but an uncertain, future, hypothetical, or conjectural controversy. It is an actual, present controversy over issues affecting concrete interests of two parties here.

It does not matter for the constitutional sufficiency of this controversy whether the present proceeding produces a judgment granting monetary, conduct-ordering, or other coercive relief, whether within this court or on remand to the Commission. Such relief is not a constitutional requirement, as has been established since the Supreme Court approved of declaratory-judgment actions concerning the interpretation of insurance policies or clarification of other legal rights. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 264 (1937); 10B C. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2757 (3d ed. 2013). Here, there are concrete collateral consequences of our decision—beyond the relief available in this proceeding. It would "strain the concepts of mootness" to deem the '133 patent issues moot when they are presented in a pending parallel case between two of the parties disputing them here. *Bank of Marin v. England*, 385 U.S. 99, 100-01 (1966) (collateral consequence for other litigation kept controversy alive); *see Minnesota Mining & Mfg. Co. v. Barr Labs, Inc.*, 289 F.3d 775, 780-81 (Fed. Cir. 2002) (no mootness if collateral consequences are not unduly conjectural).

Our conclusion is confirmed by the parties' conduct here until Motorola filed its motion on December 16, 2013, after the denial of rehearing. Even though our decision noted that, before granting relief to Microsoft, the Commission would have to consider certain issues it had not yet considered, *Microsoft*, 731 F.3d at 1368, and even though Motorola asked for additional issues to be consid-

ered on remand if one was to occur, the parties remained silent about the impending expiration of the patent (on December 13, 2013) long past the time it must have seemed clear to Motorola that the Commission would no longer be able to grant Microsoft relief, no matter how this court finally ruled on the '133 patent. Certainly that was so as mere days remained before December 13th. Yet, although litigants must promptly notify the court of mootness, *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997), Motorola did not inform us before we ruled on the rehearing petition that it thought we could not constitutionally do so because the imminent expiration of the patent would prevent Commission action regardless of the merits of the rehearing petition. Motorola raised the point on December 16th, only after failing in its attempt to persuade us to grant rehearing. The natural implication is that the availability of Commission action on remand from this court was not needed for the controversy over the '133 patent to remain a live one in this court.

Second, even if the present case were moot as to the '133 patent, vacatur would not be warranted. Motorola's sole argument is that vacatur of an already-rendered decision is automatic upon finding mootness. But the Supreme Court's decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), confirms that, contrary to Motorola's position, what action to take regarding an issued decision is not automatically determined by mootness, but is a matter of equitable discretion (to be exercised, like all discretion, within governing legal constraints, *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)).

In *U.S. Bancorp*, the Court held that, upon mootness, an Article III court may not decide the merits of the case, 513 U.S. at 20-22, but that it is a matter of discretion, governed by equitable principles, whether an Article III reviewing court should vacate the judgment of a reviewed

court and order dismissal, *id.* at 21-25. The Court then held that the reviewing court should not do so merely because mootness results from a settlement that calls for vacatur. *Id.* at 29. The Court indicated, too, that a district court may consider whether to vacate its own judgment under Fed. R. Civ. P. 60(b). *U.S. Bancorp*, 513 U.S. at 29.

The Court's holding and analysis effectively establish that mootness does not automatically require vacatur of a previously made decision, which, instead, is a matter of reasoned discretion. For purposes of that threshold proposition, nothing in *U.S. Bancorp* makes material how mootness comes about, *i.e.*, whether it results from settlement or otherwise: the case is moot regardless, but vacatur is a matter of equitable discretion. Of course, *U.S. Bancorp* makes clear that the origin of mootness does affect how the discretion might be exercised. But Motorola makes no argument beyond the contention that there is no discretion in the matter, which *U.S. Bancorp* refutes. That is enough to reject Motorola's request for vacatur even if we assume that the '133 patent dispute is moot here.

In addition, the great weight of authority, through holdings or analysis, supports not only (a) treating the question of what a court should do when mootness arises after decision as subject to equitable and pragmatic considerations, but (b) refusing to disturb a decision when an issue becomes moot only after denial of rehearing on a controversy-specific issue that is not within the normal standards for Supreme Court review, so that no further decision is needed, available as of right, or likely. *See Finberg v. Sullivan*, 658 F.2d 93, 96 n.4 (3d Cir. 1983) (en banc); *Humphreys v. Drug Enforcement Admin.*, 105 F.3d 112, 114-16 (3d Cir. 1996); *Bastien v. Office of Sen. Ben Nighthorse Campbell*, 409 F.3d 1234, 1235-36 (10th Cir. 2005); *In re Grand Jury Investigation*, 399 F.3d 527, 529 n.1 (2d Cir. 2005); *United States v. Payton*, 593 F.3d 881,

883-85 (9th Cir. 2010); *see also TiVo Inc. v. Echostar Corp.*, 429 F. App'x 975 (Fed. Cir. 2011) (en banc) (nonprecedential order). That authority supports denial of Motorola's motion here: Motorola does not deny that the matter was a live controversy when this court decided it; nothing remained upon denial of rehearing but the ministerial act of issuance of the mandate by the clerk's office; the '133 patent issues are far from being certworthy, so that there is neither entitlement to nor a substantial chance of further review that disturbs the patent-specific merits rulings; and the fully considered decision matters for party-specific collateral litigation, as indicated by Motorola's course of conduct in seeking to alter the ruling on rehearing (without suggesting mootness) and in seeking the present vacatur. In these circumstances, we would find vacatur unwarranted even if the dispute were moot. *Compare In re Pattullo*, 271 F.3d 898 (9th Cir. 2001) (vacating where event determined to moot case occurred before appellate decision was rendered); *Clarke v. United States*, 915 F.2d 699, 712 (D.C. Cir. 1990) (vacating where dispute became moot while rehearing was pending); *In re Ghandtchi*, 705 F.2d 1315 (11th Cir. 1983) (vacating where case became moot while time to seek rehearing remained); *United States v. Caraway*, 483 F.2d 215 (5th Cir. 1973) (same).[1]

---

[1]    In *Eisai Co., Ltd. v. Teva Pharmaceuticals. USA, Inc.*, 131 S. Ct. 2991 (2011), the Supreme Court ordered vacatur for mootness of this court's judgment in *Teva Pharmaceuticals. USA, Inc. v. Eisai Co., Ltd.*, 620 F.3d 1341 (Fed. Cir. 2010). In that case, as both parties agreed in their certiorari papers, an event that occurred while a petition for panel and en banc rehearing was pending (of which Eisai immediately notified the court) had ended any live controversy between the parties over the patents at issue, on which Eisai had already given disclaimers or

Two final points. We see no need to dismiss the appeal in part. As explained, we do not think that the dispute is moot even now. Even if it were, we would not vacate the decision for the reasons given; and Motorola has not explained how dismissal alone matters or why it is required where vacatur is not. In addition, even without this Order, but certainly with it, the Commission is not compelled to take action that the post-decision expiration of the patent now makes unlawful. *See, e.g., Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1349 (Fed. Cir. 2001).

Accordingly,

IT IS ORDERED THAT:

Intervenor Motorola Mobility LLC's Motion to Dismiss Microsoft's Appeal with Respect to the '133 patent is DENIED.

FOR THE COURT

January 3, 2014                    /s/ Daniel E. O'Toole
        Date                        Daniel E. O'Toole
                                    Clerk of Court

---

covenants not to sue. *See Teva*, 620 F.3d at 1345; Petition for Certiorari, No. 10-1070, 2011 WL 720842; Brief in Opposition, No. 10-1070, 2011 WL 1633408. Further review on the issue actually decided by this court (justiciability of a dispute for declaratory-judgment purposes) was accordingly impossible. And Eisai argued that the issue this court had decided warranted Supreme Court review. Petition for Certiorari at *3. The leading treatise on Supreme Court practice indicates that certworthiness of the underlying "merits" issue that might be presented to the Supreme Court may be relevant to the Court's vacatur-for-mootness practice. *See* E. GRESSMAN ET AL., SUPREME COURT PRACTICE 939 & n.33 (9th ed. 2007).

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICROSOFT CORPORATION,**
*Appellant,*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

AND

**MOTOROLA MOBILITY, LLC,**
*Intervenor.*

---

2012-1445

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-744.

---

**ON MOTION**

---

PROST, *Circuit Judge*, concurring.

I concur in the denial of Motorola's Motion to Dismiss Microsoft's Appeal with Respect to the '133 patent. However, I would reach the same result for a different reason. Unlike the majority, I do believe that Microsoft's appeal

with respect to the '133 patent has been rendered moot by the expiration of the patent. In my opinion, the existence of a related case in the Western District of Washington does not affect the mootness of the case pending before this court. Although the majority is correct that our ruling "addresses an actual controversy between two parties to this case having adverse legal interests in its resolution," that controversy is no longer present in this case; it exists only in the Washington case. Majority at 2. However, I agree with the majority that whether we should dismiss the appeal or vacate our ruling is a discretionary matter, and I would deny Motorola's motion on that basis. In addition to the reasons provided by the majority, I believe that the existence of the Washington case weighs strongly in favor of exercising our discretion not to vacate our opinion, as the parties would be required to "start all over again" with respect to the disputes already resolved therein. *Bank of Marin v. England*, 385 U.S. 99, 100-01 (1966).